


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD.<br>Ontario Food Terminal<br>165 The Queensway Room 304<br>Etobicoke Ontario M8Y 1H8<br>and<br>FRESH FRUIT S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br>and<br>AGRI SOUSS<br>P/C Fresh Fruit S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br>and<br>EL BOURA<br>P/C Fresh Fruit S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br>and<br>GPA<br>P/C Fresh Fruit S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br>and<br>LIMONA SOUSS<br>P/C Fresh Fruit S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br>and<br>PRIAGRUS<br>P/C Fresh Fruit S.A.<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco | : CIVIL ACTION<br><br>07-50 |

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 JAN 26 PM 1:16

Plaintiffs :
v. :
M/V BADRINATH. her engines, :
machinery, tackle, apparel, etc :
and :
AMER SHIPPING LTD. :
602, Ghinis Building :
58-60 Dhigenis Akritas Avenue :
PO Box 27363, Nicosia 1644 :
Cyprus :
and :
ASHWATER NAVIGATION CO. Ltd. :
602, Ghinis Building :
58-60 Dhigenis Akritas Avenue :
PO Box 27363, Nicosia 1644 :
Cyprus :
and :
SEATRADE REEFER CHARTERING N.V. :
Atlantic House (4th fl.) :
Noorderlaan 147, PO Box 10.012 :
2030 Antwerp 3, Belgium :
and :
SEATRADE GROUP, INC. :
Atlantic House (4th fl.) :
Noorderlaan 147, PO Box 10.012 :
2030 Antwerp 3, Belgium :
and :
SEATRADE USA :
442 W. Kennedy Blvd., S. 290 :
Tampa, FL 33606 USA :
Defendants. : NO. 07-cv- 50

**VERIFIED COMPLAINT IN ADMIRALTY**
**IN REM AND IN PERSONAM**

Plaintiffs, by and through their undersigned attorneys, bring this civil action against Defendants and upon information and belief aver as follows:

1. Plaintiffs Dominion Citrus, Ltd., Fresh Fruit S.A., Agri Souss, El Boura, GPA, Limona Souss, and Priagus, (hereinafter collectively "Plaintiffs") bring this suit against

Defendants under the provisions of 28 U.S.C. Section 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the specific procedures of said Rules relative to admiralty actions.

2. At all times hereinafter mentioned, Plaintiffs, were and still are business entities duly organized and existing under the law with offices and places of business as set forth in the caption, and were and still are shippers and exporters and/or importers of fruit, *inter alia*.

3. Upon information and belief, at all times hereinafter mentioned, Defendant M/V BADRINATH (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, Defendants Amer Shipping Ltd., Ashwater Navigation Co. Ltd., Seatrade Reefer Chartering N.V., Seatrade Group, Inc., and/or Seatrade USA, (hereinafter collectively or "Defendants"), were and still are business entities duly organized and existing under the law, with the address set forth in the caption, and was/were the owner(s) and/or disponent owner(s) and/or charterer(s) and/or manager(s) and/or operator(s) of the vessel and was/were engaged in the common and/or private carriage of merchandise by water for hire.

5. Plaintiffs were and/or are the shippers, and/or consignees and/or owners and/or successors in title of the cargo described within and they bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who are, may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are

entitled to maintain this action.

6. Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by Plaintiffs and/or their predecessors in title.

7. At all times material hereto, Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled various vessels, including the vessel, as common and/or private carriers of merchandise for hire.

8. Vessels owned, operated, managed, chartered, possessed and/or controlled by Defendants have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

9. Prior to the commencement of this action, Plaintiffs became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading and brought this action on behalf of, and for the interest of all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

10. All and singular, the matters alleged are true and correct.

11. Plaintiffs reserve the right to amend and supplement this Complaint as further facts become available.

**COUNT ONE**

12. Plaintiffs incorporate the averments contained in all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein

13. On or about January 2, 2007 at Agadir, Morocco, (hereinafter "place of loading") there was shipped and delivered to the Defendant vessel, and the other Defendants, as common and/or private carriers, for delivery to the port of Wilmington, DE, a cargo of clementines in boxes, owned and/or shipped by Plaintiffs, then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered certain bills of lading including but not limited to bill(s) of lading SDGRAGAWI710001, SDGRAGAWI710002, SDGRAGAWI710003, SDGRAGAWI710004 and SDGRAGAWI710005, signed and delivered to the shippers of said cargo by Defendants, or by the Master of the vessel and/or his duly authorized agent (attached in Exhibit A), or other contract(s) of carriage, to the shippers, agreed to transport and carry the said shipment to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading.

14. Thereafter, Defendants loaded the said merchandise on the vessel, which having on board said merchandise sailed from the port of loading but was delayed on the voyage. The estimated time or arrival for the vessel in Wilmington, DE is now Saturday, January 27, 2007. The cargo is not presently, and upon arrival, will not be in the same good order and condition as when delivered to Defendants and the vessel, but rather, the cargo is seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

15. The loss of and damage to Plaintiffs' merchandise was not caused by any act or

omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the vessel and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs.

16. By reason of the unseaworthiness of the vessel, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, Plaintiffs have sustained damages presently estimated to be in excess of Three Million Dollars ($3,000,000.00) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

17. The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., and/or other applicable laws or conventions.

18. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c) If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWO

19. Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

20. The loss of and damage to Plaintiffs' merchandise was caused by the carelessness, negligence, breach of duty or breach of warranty and lack of due care of Defendants.

21. By reason of the Defendants' carelessness, negligence, breach of duty or breach of warranty and lack of due care, Plaintiffs have sustained damages presently estimated to be in excess of Three Million Dollars ($ 3,000,000.00) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess

thereof.

22. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c) If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and

justice they may be entitled to receive.

Lee C. Goldstein Esq.

By: ____________________
Lee C. Goldstein, Esquire
615 W. 18th St.
P.O. Box 1957
Wilmington, DE
Attorney ID No. 231

OF COUNSEL:

MATTIONI, LTD.

By: ____________________
Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, Second Floor
Philadelphia, PA 19106
(215) 629-1600
Attorney for Plaintiff(s)

VERIFICATION BY WAY OF UNSWORN DECLARATION

I am a member of the law firm of Mattioni, Ltd. counsel for the Plaintiffs, in this matter. I make this certification pursuant to and in compliance with Supplemental Rules B and C. Plaintiffs are business entities and there are no authorized officers of the Plaintiffs readily available in the District to make this verification; I am authorized to make this verification on behalf of Plaintiffs; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiffs.

I further verify that, to the best of my information and belief, Defendants Amer Shipping Ltd., Ashwater Navigation Co. Ltd., Seatrade Reefer Chartering N.V., Seatrade Group, Inc., and/or Seatrade USA, cannot be found within the District of Delaware. As counsel for Plaintiffs, I have checked the on-line telephone directory for the State of Delaware, have checked with the Delaware Secretary of State on-line corporate directory, and have checked the available web sites for the Defendants and have found no references to existence of an office, telephone, mail drop or resident agent for service of process for any of these defendants within the State of Delaware.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 26, 2007

Stephen J. Galati

Shipper

**AGRI SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
Code Name " Congenbill "
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

B/L No.SDGRAGAWI710001

Reference No.

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

Vessel: **M/S BADRINATH**

Port of Loading: **AGADIR**

Port of discharge: **WILMINGTON - DELAWARE**

COPY
NON-NEGOTIABLE

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| **said to be** | **said to weigh** | |
| **MOROCCO** | | |
| **877 PALLETS SAID TO CONTAIN 284 163 BOXES OF CLEMENTINES NOUR** | **817 026 KGS** | **727 518 KGS** |

**CLEAN ON BOARD**

**"Freight is payable as per charter party dated 04.10.2006"**

(of which on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

..........................................................

Time used for loading.........................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Freight payable as per

Place and date of issue
**AGADIR ,on the 2nd January 2007**

Number of original Bills of Lading
**( THREE ) 3**

Signature






Shipper

**EL BOURA**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
Code Name "Congenbill"
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

B/L No.SDGRAGAWI710002

Reference No.

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

| Vessel | Port of Loading |
|---|---|
| **M/S BADRINATH** | **AGADIR** |

Port of discharge
**WILMINGTON - DELAWARE**

COPY
NON-NEGOTIABLE

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| **said to be** | **said to weigh** | |
| **MOROCCO** | | |
| **141 PALLETS SAID TO CONTAIN 45 837 BOXES OF CLEMENTINES NOUR** | **129 934 KGS** | **116 860 KGS** |

**CLEAN ON BOARD**

**"Freight is payable as per charter party dated 04.10.2006"**

(of which on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

.......................................................

Time used for loading......................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable as per | Place and date of issue<br>**AGADIR ,on the 2nd January 2007** |
|---|---|
| Number of original Bills of Lading<br>**( THREE ) 3** | Signature |

# BILL OF LADING

B/L No.SDGRAGAWI710003

TO BE USED WITH CHARTER-PARTIES
Code Name " Congenbill "
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

Shipper
**G P A**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

Consignee to order of
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63.28 250**

NOTIFY
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

Vessel: **M/S BADRINATH**
Port of Loading: **AGADIR**

Port of discharge: **WILMINGTON - DELAWARE**

COPY
NON-NEGOTIABLE

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| **said to be** | **said to weigh** | |
| **MOROCCO** | | |
| **1144 PALLETS SAID TO CONTAIN 375 111 BOXES OF CLEMENTINES NOUR** | **1 060 266 KGS** | **945 846 KGS** |

**CLEAN ON BOARD**
**"Freight is payable as per charter party dated 04.10.2006"**

(of which on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

........................................................

Time used for loading.........................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable as per | Place and date of issue |
|---|---|
| | **AGADIR ,on the 2nd January 2007** |
| Number of original Bills of Lading | Signature |
| **( THREE ) 3** | |



Shipper

**LIMOUNA SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
Code Name "Congenbill"
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

B/L No.SDGRAGAWI710004

Reference No.

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

| Vessel | Port of Loading |
|---|---|
| **M/S BADRINATH** | **AGADIR** |

Port of discharge

**WILMINGTON - DELAWARE**

COPY
NON-NEGOTIABLE

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| **said to be** | **said to weigh** | |
| **MOROCCO** | | |
| **527 PALLETS SAID TO CONTAIN 171 589 BOXES OF CLEMENTINES NOUR** | **485 469 KGS** | **436 581 KGS** |

**CLEAN ON BOARD**

**"Freight is payable as per charter party dated 04.10.2006"**

(of which on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

..........................................................

Time used for loading ........................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable as per | Place and date of issue<br>**AGADIR ,on the 2nd January 2007** |
|---|---|
| Number of original Bills of Lading<br>**( THREE ) 3** | Signature |

PAGE 2

Shipper

**PRIAGRUS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
Code Name "" Congenbill ""
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

B/L No.SDGRAGAWI710005

Reference No.

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**
**TEL : 001 416 259 63 28 250**

Vessel: **M/S BADRINATH**
Port of Loading: **AGADIR**

Port of discharge: **WILMINGTON - DELAWARE**

COPY
NON-NEGOTIABLE

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| **said to be** | **said to weigh** | |
| **MOROCCO** | | |
| **284 PALLETS SAID TO CONTAIN 92 125 BOXES OF CLEMENTINES NOUR** | **262 870 KGS** | **235 519 KGS** |

**CLEAN ON BOARD**

**"Freight is payable as per charter party dated 04.10.2006"**

(of which on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

..........................................................

Time used for loading........................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable as per | Place and date of issue |
|---|---|
| | **AGADIR ,on the 2nd January 2007** |
| Number of original Bills of Lading | Signature |
| **( THREE ) 3** | |



# CIVIL COVER SHEET

ORIGINAL

07-50

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dominion Citrus, et al (See Attached Sheet) | M/V BADRINATH, et al (See Attached Sheet) |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Ontario, Canade (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Lee C. Goldstein, Esquire, 615 W. 18th St., P.O. Box 1957, Wilmington, DE | ATTORNEYS (IF KNOWN) Palmer, Biezup & Henderson, LLP, 1223 Foulk Rd, Wilmington De 19803 |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT Plaintiff
- X 3 FEDERAL QUESTION (U.S. Government Not a Party)
- ☐ 2 U.S. GOVERNMENT Defendant
- ☐ 4. DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX ONLY FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION - (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Maritime case pursuant to 28 U.S.C. § 1333 to enforce maritime lien.

## V. NATURE OF SUIT *(PLACE AN x IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- X 120 Marine
- ☐ 130 Insurance
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpay. & Enforcement of Judgment
- ☐ 151 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employer Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Trucks
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC/Rates
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commoditi. Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determ. Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 520 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Oth.
- ☐ 550 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) 06 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgmt.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $3,000,000.00

Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See Instructions) IF ANY

JUDGE ______________ DOCKET NUMBER ______________

DATE January 26, 2007 SIGNATURE OF ATTORNEY OF RECORD [signature]

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2007 JAN 26 PM 1:17

U:\DOCS\sjg\Dominion Citrus-Badrinath\Cover Sheet.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMINION CITRUS, LTD. | : | CIVIL ACTION |
| Ontario Food Terminal | : | |
| 165 The Queensway Room 304 | : | |
| Etobicoke Ontario M8Y 1H8 | : | |
| and | : | |
| FRESH FRUIT S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| and | : | |
| AGRI SOUSS | : | |
| P/C Fresh Fruit S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| and | : | |
| EL BOURA | : | |
| P/C Fresh Fruit S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| and | : | |
| GPA | : | |
| P/C Fresh Fruit S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| and | : | |
| LIMONA SOUSS | : | |
| P/C Fresh Fruit S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| and | : | |
| PRIAGRUS | : | |
| P/C Fresh Fruit S.A. | : | |
| Parcelle No 4 1 er Etage | : | |
| Nouveau Port Anza | : | |
| Agadir, Morocco | : | |
| Plaintiffs | : | |
| v. | : | |

M/V BADRINATH. her engines, machinery, tackle, apparel, etc :
and :
AMER SHIPPING LTD. :
602, Ghinis Building :
58-60 Dhigenis Akritas Avenue :
PO Box 27363, Nicosia 1644 :
Cyprus :
and :
ASHWATER NAVIGATION CO. Ltd. :
602, Ghinis Building :
58-60 Dhigenis Akritas Avenue :
PO Box 27363, Nicosia 1644 :
Cyprus :
and :
SEATRADE REEFER CHARTERING N.V. :
Atlantic House (4th fl.) :
Noorderlaan 147, PO Box 10.012 :
2030 Antwerp 3, Belgium :
and :
SEATRADE GROUP, INC. :
Atlantic House (4th fl.) :
Noorderlaan 147, PO Box 10.012 :
2030 Antwerp 3, Belgium :
and :
SEATRADE USA :
442 W. Kennedy Blvd., S. 290 :
Tampa, FL 33606 USA :
Defendants. : NO. 07-cv-

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. - 50

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 JAN 26 PM 2:49
RG scanned

I HEREBY ACKNOWLEDGE RECEIPT OF 6 COPIES OF AO FORM 85.

1/26/07
(Date forms issued)

[signature]
(Signature of Party or their Representative)

Lee C Goldstein, Esq.
(Printed name of Party or their Representative)

Counsel for Plaintiffs
615 W. 18th Street
Wilmington DE 19802

Note: Completed receipt will be filed in the Civil Action