IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., *et al.* | : CIVIL ACTION |
| Plaintiffs | : |
| v. | : |
| M/V BADRINATH. her engines, | : |
| machinery, tackle, apparel, etc. *et al.* | : |
| Defendants. | : NO. 07-cv- 50 |

## ORDER TO SUBSTITUTE THE MASTER OF THE DEFENDANT VESSEL AS SUBSTITUTE CUSTODIAN OF THE VESSEL IN PLACE OF ALPHA CENTURION SECURITY, INC.

On January 26, 2007, the Court having ordered that a Warrant of Arrest and/or Writ of Attachment be issued against the defendant vessel; and

On January 26, 2007, the Court having granted Plaintiff's Motion for Appointment of Substitute Custodian and having issued an Order For Appointment of Substitute Custodian; and

The U.S. Marshal having arrested and attached the Defendant vessel and having transferred the custody of said vessel to Alpha Centurion Security, Inc. as the substitute custodian of the vessel; and

The Plaintiffs having now moved for the Master of the vessel Badrinath to be appointed substitute custodian of the vessel in place of Alpha Centurion Security, Inc. it is hereby:

ORDERED, that the Plaintiffs' Motion for The Substitution of The Master of Vessel as Substitute Custodian is hereby GRANTED, and it is further

ORDERED, that the Master of the vessel is appointed substitute custodian of the defendant vessel and Alpha Centurion Security, Inc. is relieved of its obligations as substitute custodian, and it is further

-1-

ORDERED, that except for the replacement of Alpha Centurion Security, Inc. by the

Master of the defendant vessel as substitute custodian, the terms of the Court's Order of January

26, 2007 for Appointment of Substitute Custodian, shall remain in effect, namely that:

1)    the Marshal shall continue to be discharged from his duties and responsibilities for

safekeeping of the vessel and held harmless from any and all claims arising whatever out of said

substituted possession and safekeeping of the vessel;

2)    that said vessel shall remain in the custody of the substitute custodian pending

further order of this Court; and

3)    that so long as the vessel is under arrest it may not move or leave the waters of this

District without the prior approval of this Court, unless an emergency arises, but may move to an

appropriate anchorage or other location within this District with the permission of Plaintiffs'

counsel.


_____
United States District Judge


-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DELAWARE

DOMINION CITRUS, LTD., *et al.*         : CIVIL ACTION
      Plaintiffs                 :
          v.                :
M/V BADRINATH. her engines,      :
machinery, tackle, apparel, etc. *et al.*   :
       Defendants.         : NO.  07-cv- 50

**PLAINTIFFS' MOTION FOR THE SUBSTITUTION OF
THE MASTER OF THE VESSEL AS SUBSTITUTE CUSTODIAN
OF THE VESSEL IN PLACE OF ALPHA CENTURION SECURITY, INC.**

Plaintiffs hereby move for an order substituting the Master of the M/V BADRINATH for

Alpha Centurion Security, Inc. as substitute custodian of the defendant vessel and in support

thereof states as follows:

1.      The Plaintiffs filed suit against the defendant vessel and against the defendants on

Friday January 26, 2007.  In connection with filing said suit the Plaintiff also requested that the

Court issue Orders authorizing the arrest and attachment of the vessel.  The Court granted

Plaintiff's Motions and on that same date the Clerk issued a warrant of arrest and writ of

attachment against the vessel.

2.      At Plaintiffs' request the Court also issued an order appointing Alpha Centurion

Security, Inc., substitute custodian of the defendant vessel.

3.      In accordance with the Court's Orders, and at Plaintiffs' request, on or about

Tuesday, February 6, 2007 the U.S. Marshal served the warrant of arrest and writ of attachment

on the master of the defendant vessel and took the vessel into its custody.  Concurrent therewith,

it turned over custody of the vessel to Alpha Centurion Security, Inc., the Court approved

substitute custodian.

4.    The vessel owner has not yet offered security to secure Plaintiffs' claims and as of the date of the filing of this motion the vessel remains under arrest and attachment and is still within the custody of the substitute custodian Alpha Centurion Security, Inc.  The charges of the substitute custodian are $25.50 per hour straight time and $38.50 per hour overtime, with one hour travel time being charged per shift.

5.    It is not presently known if and/or when adequate security will be issued by or on behalf of the vessel owner and the Plaintiff may ultimately be required to move for the interlocutory sale of the vessel.

6.    The charges of Alpha Centurion Security, Inc. are mounting and in the event the interlocutory sale of the vessel is necessary, it could take a significant period of time before the sale of the vessel is confirmed.  In such case the costs of paying Alpha Centurion Security, Inc. to act as substitute custodian for this period of time will be substantial and prohibitive.  Alpha Centurion's charges will be considered costs of administration and will reduce the fund available to pay Plaintiffs, and/or to be returned to the vessel owner after Plaintiffs' claims are satisfied.

7.    If the Master of the vessel is appointed substitute custodian there will be a significant savings in costs for all parties and the safety of the vessel will not be compromised.

8.    For this reason, where adequate security is not promptly posted, it is routine for the master of the vessel to be appointed substitute custodian.

9.    The Master of the vessel and the vessel's owner consent to having the Master serve as substitute custodian.

WHEREFORE, Plaintiffs respectfully request that the Master of the vessel BADRINATH be appointed substitute custodian of the defendant vessel and that Alpha Centurion Security, Inc. be relieved of these duties.

Lee C. Goldstein Esq.

By: _____

Lee C. Goldstein, Esquire
615 W. 18th St.
P.O. Box 1957
Wilmington, DE
Attorney ID No. 231

MATTIONI, LTD.

BY: _____
DANTE MATTIONI, ESQUIRE
STEPHEN J. GALATI, ESQUIRE
Attorneys for Plaintiffs

399 Market Street, Second Floor
Philadelphia, PA 19106
(215) 629-1600

Dated: February 20, 2007

## CERTIFICATE OF SERVICE

I, Stephen J. Galati, hereby certify that true and correct copies of Plaintiffs' Motion for the Substitution of The Master of the Vessel as Substitute Custodian Of the Vessel in Place of Alpha Centurion Security, Inc. was this day sent by facsimile and/or first class mail to the following attorneys:

Frank DeGuilio, Esquire
Palmer, Biezup & Henderson, LLP
Public Ledger Building
620 Chestnut Street, Suite 956
Philadelphia, PA 19106

A. Robert Degen,
Esquire Fox, Rothschild, LLP
2000 Market St. - 10th Fl.
Philadelphia, PA 19103

_____
STEPHEN J. GALATI

Date:   February 20, 2007

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., *et al.* | : CIVIL ACTION |
| Plaintiffs | : |
| v. | : |
| M/V BADRINATH. her engines, | : |
| machinery, tackle, apparel, etc. *et al.* | : |
| Defendants. | : NO. 07-cv- 50 |

### ORDER TO SUBSTITUTE THE MASTER OF THE
### DEFENDANT VESSEL AS SUBSTITUTE CUSTODIAN
### OF THE VESSEL IN PLACE OF ALPHA CENTURION SECURITY, INC.

On January 26, 2007, the Court having ordered that a Warrant of Arrest and/or Writ of

Attachment be issued against the defendant vessel; and

On January 26, 2007, the Court having granted Plaintiff's Motion for Appointment of

Substitute Custodian and having issued an Order For Appointment of Substitute Custodian; and

The U.S. Marshal having arrested and attached the Defendant vessel and having

transferred the custody of said vessel to Alpha Centurion Security, Inc. as the substitute custodian

of the vessel; and

The Plaintiffs having now moved for the Master of the vessel Badrinath to be appointed

substitute custodian of the vessel in place of Alpha Centurion Security, Inc. it is hereby:

ORDERED, that the Plaintiffs' Motion for The Substitution of The Master of Vessel as

Substitute Custodian is hereby GRANTED, and it is further

ORDERED, that the Master of the vessel is appointed substitute custodian of the

defendant vessel and Alpha Centurion Security, Inc. is relieved of its obligations as substitute

custodian, and it is further

-1-