IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOMINION CITRUS LIMITED, et al.   :
                                  :
            Plaintiff,            :    C.A No. 07-00050 (JJF)
                                  :
v.                                :
                                  :
MV BADRINATH, et al.              :
                                  :
            Defendant.            :

**ANSWER OF SEATRADE REEFER CHARTERING NV,
SEATRADE GROUP NV, AND SEATRADE U.S.A.
TO PLAINTIFF'S COMPLAINT WITH CROSSCLAIM**

Defendants, Seatrade Reefer Chartering NV, Seatrade Group NV, and Seatrade U.S.A. answer Plaintiff's Complaint upon information and belief as follows:

1. Admitted.

2. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint therefore the same are denied and strict proof demanded at time of trial.

3. Paragraph 3 of Plaintiff's Complaint refers to a defendant other than Answering Defendant therefore no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

4. As to Defendants Amer Shipping Limited and Ashwater Navigation Co., Limited, no answer is required as paragraph 4 of Plaintiff's Complaint refers to Defendants other than Answering Defendants. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial. As to the remaining Defendants, it is denied as stated and averred to the contrary that at all times material hereto, Seatrade Group NV (incorrectly identified as Seatrade Group, Inc.) was at all times material hereto manager of the Seatrade Reefer Pool and in that capacity acted as disponent owner of vessels entered in the pool. Seatrade Reefer Chartering NV at all times material hereto

WM1A 95614v1 03/13/07

acted as general agent for Seatrade Group NV. Seatrade U.S.A. at all times material hereto acted as local agent for Seatrade in the United States.

5. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint therefore same are denied and strict proof demanded at time of trial.

6. Paragraph 6 of Plaintiff's Complaint states a conclusion of law to which no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

7. Denied as stated and averred to the contrary, as to Answering Defendants, that Seatrade Group NV was at all times material hereto manager of the Seatrade Reefer Pool and as such acted in the capacity of disponent owner of vessels entered in the pool. Defendants Seatrade Reefer Chartering NV and Seatrade U.S.A. acted solely in the capacity of agent for a disclosed principal and neither owned, managed, operated or controlled any vessels.

8. It is admitted that vessels in the Seatrade Reefer have called in ports of the State of Delaware. The remaining averments are conclusions of law to which no answer is required. If an answer is denied necessary then same is denied and strict proof demanded.

9. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiff's Complaint therefore same are denied and strict proof demanded at time of trial.

10. Denied.

11. Paragraph 11 of Plaintiff's Complaint states a conclusion of law to which no answer is required.

**COUNT I**

12. Answering Defendants incorporate herein by reference their answers to paragraphs 1 through 11 of Plaintiff's Complaint the same as though fully set forth at length.

13. Denied as stated. It is admitted that certain cargo was loaded aboard the MV BADRINATH and bills of lading were issued. It is specifically denied that answering defendants acted in the capacity of carrier. It is further denied that the cargo, when delivered was not in the same good order and condition as when loaded.

14. Denied as stated. It is admitted that the MV BADRINATH arrived in the port of Wilmington. The remaining averments are denied and strict proof demanded at the time of trial.

15. Denied.

16. Denied.

17. Paragraph 17 of Plaintiff's Complaint states a conclusion of law to which no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

18. Paragraph 18 of Plaintiff's Complaint states a conclusion of law to which no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

### COUNT II

19. Answering Defendants incorporate herein by reference their answers in paragraphs 1 through 18 of Plaintiff's Complaint the same as if were fully set forth at length.

20. Denied.

21. Denied.

22. Paragraph 22 of Plaintiff's Complaint states a conclusion of law to which no answer is required. If an answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

## AFFIRMATIVE DEFENSES

23. This Court lacks jurisdiction over the person of answering defendants and each of them.

24. Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

25. Plaintiffs' claim is barred by the applicable statute of limitation or by laches.

26. Plaintiffs' are not the proper parties in interest.

27. Answering defendant's liability, if any, is limited by the Carriage Goods by Sea Act 46 USC §1304 to $500 per package.

28. This court lacks subject matter jurisdiction.

29. Any loss or damage to plaintiffs' cargo, which is specifically denied, was caused solely or in part by the negligence or fault of other defendants or by third parties for whom answering defendants are not responsible.

30. Answering defendants claims all of the defenses of the Carriage Goods by Sea Act 46 USC §1300 et seq including but not limited to dangers and accidents of sea, acts of God, inherent vice of the goods, insufficient packaging or markings, error in management or navigation and any other cause arising without the actual fault or privity of answering defendants or the fault or negligence of their agents or servants.

31. Answering defendants claim defenses available under the Harter Act 46 USC §192.

32. Answering defendants claim all of the defenses contained in the dock receipts, mates receipts, charter parties and/or bills of lading including but not limited to proper delivery and exceptions noted thereon.

33. Answering defendants do not waive any of their rights to arbitration under any existing charter party between the parties.

34. Any loss or damage which may be demonstrated by plaintiff was caused in whole or in part by plaintiffs' failure to adequately instruct answering defendants with regard to the care of the cargo.

35. Any loss or damage to plaintiffs' goods, whish is denied, occurred either before said goods were received for shipment by answering defendants and/or after the vessel arrived at Wilmington, Delaware and the goods were placed in the control of the discharging Stevedore. Therefore any such loss or damage was the result of pre or post shipping conditions or occurrences for which answering defendants are not responsible.

36. Defendants Seatrade Reefer Chartering NV and Seatrade USA acted solely in the capacity of agents for disclosed principle and accordingly are not liable to plaintiffs.

## **CROSSCLAIM**

**Seatrade Reefer Chartering NV, Seatrade Group NV and Seatrade U.S.A. v. Amer Shipping, Limited and Ashwater Navigation Co., Limited**

Answering Defendants, through counsel, crossclaim against Amer Shipping Limited and Ashwater Navigation Co., Limited upon information and belief as follows:

37. The allegations contained in paragraphs 1 through 22 of Plaintiff's Complaint and Answering Defendants' responses thereto are incorporated herein by reference same as though fully set forth at length.

38. Crossclaimants Seatrade Reefer Chartering NV and Seatrade Group NV are foreign corporations registered at Curacao. Seatrade Reefer Chartering NV has an ofice and place of business in Antwerp Belgium.

39. Crossclaimant Seatrade U.S.A. is a corporation with an office and place of business in Tampa, Florida.

40. Crossdefendants, Amer Shipping Co., Limited and Ashwater Navigation Co., Limited are foreign corporations with offices and places and business in Nicosia, Cyprus.

41. Plaintiffs in this matter have alleged damage to a cargo of clementines loaded aboard the MV in the port of Agadir, Morocco.

42. Answering Defendants and Crossclaimants have denied liability for any damage to Plaintiffs' cargo.

43. The damage, if any, was caused by the negligence, breach of contract or fault, on the part of Crossdefendants or their agents, servants or employees or by reason of the unseaworthiness of the MV BADRINATH.

44. Crossdefendants, Amer Shipping, Limited and Ashwater Navigation Co., Limited at times all material hereto, owned, manned operated and controlled MV BADRINATH.

45. At all times material hereto, Crossclaimant Seatrade Group NV was the disponent owner of the MV BADRINATH pursuant to a written agreement with Crossdefendants which places liability, if any, for plaintiffs' claims on crossdefendants.

46. Should Plaintiffs prevail against Crossclaimants on the allegations contained in their Complaint, then Crossdefendants Amer Shipping Limited and Ashwater Navigation Co., Limited are liable over to Crossclaimants by way of indemnity or contribution.

WHEREFORE, Defendants and Crossclaimants pray:

1. That Plaintiffs' Complaint be dismissed with prejudice.

2. That judgment be entered in favor of Defendants and against Plaintiffs.

3. That judgment be granted in favor of Crossclaimants and against Crossdefendants.

4. That Crossclaimants be granted indemnity or contribution toward any amounts which they may be found liable to Plaintiffs.

5. That Defendant and Crossclaimants be granted such other and further relief as may be just and proper in the circumstances.

FOX ROTHSCHILD LLP

By: /s/ Sharon Oras Morgan
Sharon Oras Morgan, Esquire (#4287)
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 622-4246

*Attorney for Seatrade Reefer Chartering NV, Seatrade Group NV and Seatrade U.S.A., Inc.*

March 13, 2007

## CERTIFICATE OF SERVICE

I, Sharon Oras Morgan, Esquire, attorney for Defendants Seatrade Reefer Chartering NV, Seatrade Group NV, and Seatrade U.S.A., hereby certify that on March 13, 2007, two true and correct copies of the foregoing Answer Of Seatrade Reefer Chartering NV, Seatrade Group NV, and Seatrade U.S.A. to Plaintiff's Complaint with Crossclaim was served via First Class Mail upon the following:

>B.C. Goldstein, Esquire
>615 West 18th Street
>P.O. Box 1957
>Wilmington, DE 19801
>
>Steve Galatti, Esquire
>Mattioni Limited
>399 Market St., 2nd Fl.
>Philadelphia, PA 19106
>
>Frank DeGuillio
>Palmer Biezup and Henderson
>620 Chestnut St., Ste 956
>Philadelphia, PA 19106

>/s/ Sharon Oras Morgan
>Sharon Oras Morgan