UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., FRESH FRUIT S.A., AGRI SOUSS, EL BOURA, GPA, LIMONA SOUSS, and PRIAGRUS : : : : Plaintiffs : v. : : M/V BADRINATH, her engines, : machinery, tackle, apparel, etc., AMER : SHIPPING LTD., ASHWATER : NAVIGATION CO., LTD., SEATRADE : REEFER CHARTERING N.V., SEATRADE : GROUP INC. and SEATRADE USA : : Defendants : | CIVIL ACTION 1:07-cv-00050-JJF |

## ANSWER TO PLAINTIFFS' COMPLAINT ON BEHALF OF ASHWATER NAVIGATION CO., LTD. AND M/V BADRINATH WITH CROSSCLAIMS

Ashwater Navigation Co., Ltd. ("Ashwater"), by and through its attorneys, Palmer Biezup & Henderson LLP, hereby answers plaintiffs' Verified Complaint in Admiralty for itself and on behalf of the M/V BADRINATH (the "Vessel"), *in rem*, subject to the Restricted Appearance and Verified Statement of Right or Interest previously filed of record pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, said Answer being expressly subject to all terms, conditions, reservations of rights and limitations set forth in a certain Letter of Undertaking dated March 5, 2007, issued to the plaintiffs to secure the release of the Vessel from the orders of maritime arrest and maritime attachment issued by the Court upon the *ex parte* application of the plaintiffs (Exhibit 'A' hereto), and says as follows:

    1.    Denied. The averments contained in Paragraph "1" of the Complaint are conclusions of law to which no response is required.

2. Denied. Ashwater is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "2" of the Complaint and, therefore, denies same and demands strict proof thereof.

3. Admitted in part; Denied in part. Ashwater admits only that the M/V BADRINATH was a vessel operated for the carriage of goods in ocean transportation and that the M/V BADRINATH was within this District at the time of the filing of the original Complaint. The remaining averments of Paragraph "3" of the Complaint are denied.

4. Admitted in part; Denied in part. Ashwater admits only that it is a business entity existing under the laws of a foreign country and was the registered owner of the M/V BADRINATH at the time of the filing of plaintiffs' Complaint. The remaining averments of Paragraph "4" of the Complaint are denied to the extent that they are directed to Ashwater.

5. Denied. After reasonable investigation, Ashwater is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "5" of plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

6. Denied. The averments contained in Paragraph "6" of the Complaint are conclusions of law to which no response is required. To the extent that any averments contained within Paragraph "6" of the Complaint are deemed to be allegations of fact, after reasonable investigation, Ashwater is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph "6" of plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

7. Admitted in part; Denied in part. Ashwater admits only that it was the registered owner of the M/V BADRINATH at the time of the filing of plaintiffs' Complaint. The remaining

averments of Paragraph "7" of the Complaint are denied to the extent that they are directed to Ashwater and/or the M/V BADRINATH.

8. Admitted in part; Denied in part. Ashwater admits only that the M/V BADRINATH called at the port of Wilmington, Delaware in or about January, 2007. The remaining factual allegations contained in Paragraph "8" of the Complaint are denied insofar as they are directed to Ashwater.

9. Denied. After reasonable investigation, Ashwater is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "9" of plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

10. Denied.

11. Denied. The averments contained in Paragraph "11" of the Complaint are conclusions of law to which no response is required.

## COUNT ONE

12. Ashwater incorporates by reference the answers set forth in the foregoing paragraphs 1 through 11 to plaintiffs' Complaint as though set forth fully at length herein.

13. Admitted in part, Denied in part. Ashwater admits only that a certain cargo of clementines was loaded aboard the M/V BADRINATH at Agadir, Morocco, on or about January 2, 2007. All remaining averments of Paragraph "13" of the Complaint are specifically denied to the extent that they are directed to Ashwater and/or the M/V BADRINATH.

14. Admitted in part, Denied in part. Ashwater admits only that the M/V BADRINATH sailed from Agadir, Morocco, with the aforesaid clementine cargo aboard. All remaining averments of Paragraph "14" of the Complaint are denied.

15. Denied.

16. Denied.

17. Denied. The averments contained in Paragraph "17" of the Complaint are conclusions of law to which no response is required. To the extent that any averments contained within Paragraph "17" of the Complaint are deemed to be allegations of fact, after reasonable investigation, Ashwater is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph "17" of plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

18. Denied.

## COUNT TWO

19. Ashwater incorporates by reference the answers set forth in the foregoing paragraphs 1 through 18 to plaintiffs' Complaint as though set forth fully at length herein.

20. Denied.

21. Denied.

22. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against the M/V BADRINATH for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Honorable Court lacks *in personam* jurisdiction over Ashwater.

PBH: 189490.1

### THIRD AFFIRMATIVE DEFENSE

The damages alleged in plaintiffs' Complaint, if they occurred, which is denied, were caused in whole or in part by acts, errors, omissions, negligence, breach of warranty or breach of contract by other parties, including the plaintiffs, or their agents, servants or employees, for whom answering defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The damages alleged in plaintiffs' Complaint, if they occurred, which is denied, were caused in whole or in part by the negligence of plaintiff and/or its agents, servants or employees and, therefore, answering defendants are not liable.

### FIFTH AFFIRMATIVE DEFENSE

Due diligence was used to make the vessel seaworthy and to insure that it was properly manned, equipped, and supplied and to make the holds and all other parts of the vessel in which the cargo was carried safe and fit for the cargo's reception, carriage, and preservation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Ashwater claims benefit of all defenses which may be available to answering defendant under contracts, charter parties, or other agreements or tariffs which may be applicable.

### EIGHTH AFFIRMATIVE DEFENSE

The requisite legal grounds for a maritime attachment of the M/V BADRINATH to obtain security for claims asserted by the plaintiffs against Ashwater were and are not present and,

therefore, the maritime attachment of the Vessel was improper and security posted to secure the release of the Vessel must be vacated.

### NINTH AFFIRMATIVE DEFENSE

The M/V BADRINATH was, at all material times, tight, staunch and seaworthy.

### TENTH AFFIRMATIVE DEFENSE

Answering defendant did not owe plaintiffs any duty or warranty under the law or pursuant to contract and did not breach any duty or warranty.

### ELEVENTH AFFIRMATIVE DEFENSE

The requisite legal grounds for a maritime arrest of the M/V BADRINATH were and are not present and, therefore, the maritime arrest of the Vessel was improper, security posted to secure the release of the Vessel must be vacated and this Court lacks in rem jurisdiction over the M/V BADRINATH.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of comparative negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs are not real parties in interest and/or lack standing to sue in respect of the claims asserted in this action and, therefore, the Complaint must be dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Ashwater was not a carrier of the cargo which is the subject of the Complaint and, therefore, had no duty with respect to said cargo.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to effect and/or has improperly effected service of process on Ashwater.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Ashwater upon which relief can be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The suit should be dismissed on the basis of *forum non conveniens.*

### NINETEENTH AFFIRMATIVE DEFENSE

Venue in this matter in this Court is improper, and, therefore the Complaint should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

If the cargo in question was received and carried as alleged by the plaintiffs, which is denied, then Ashwater claims the benefit of all rights, limitations and defenses under the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Ashwater expressly reserves the right to rely on foreign law and to demand that this lawsuit be dismissed and/or stayed based on an arbitration and/or forum selection clause in any contract which may be deemed to apply to the plaintiffs' claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If the cargo in question was received, carried and damaged as alleged by the plaintiffs, which is denied, such loss or damage arose or resulted from the condition of the cargo prior to shipment

PBH: 189490.1

or from an inherent defect, quality or vice of the goods or insufficiency of packaging, or by act or omission of the shipper or owners of the goods, their agents or representatives, including but not limited to, acts or omissions of the shipper's representative at the ports of loading and discharge and, therefore, Ashwater and the M/V BADRINATH have no liability in this matter.

WHEREFORE, Ashwater demands judgment in its favor and in favor of the M/V BADRINATH and prays that plaintiffs' Complaint against it and against the M/V BADRINATH be dismissed with prejudice at plaintiffs' cost and for such other and further relief as this Honorable Court may deem proper and just under the circumstances.

### CROSSCLAIMS AGAINST SEATRADE REEFER CHARTERING NV, SEATRADE GROUP NV and SEATRADE U.S.A.

Ashwater ("Crossclaimant"), by and through its counsel, Palmer Biezup & Henderson LLP, without prejudice to the right of Crossclaimant to invoke and move for enforcement of any arbitration clause or forum selection clause which may be applicable to the claims asserted by or between the parties, brings the following Crossclaim against co-defendants Seatrade Reefer Chartering NV, Seatrade Group NV and Seatrade U.S.A. (collectively "Seatrade") and states as follows:

1.  Crossclaimant incorporates by reference its answers to all paragraphs of plaintiffs' Complaint and all affirmative defenses set forth in its Answer, as though fully set forth herein at length.

2. At all times material to the plaintiffs Complaint, defendants Seatrade Reefer Chartering NV, Seatrade Group NV and Seatrade U.S.A. were the time charterer, voyage charterer, operator and/or disponent owner of the M/V BADRINATH.

3. The cargo which is the subject of the plaintiffs' Complaint was at all times carried subject to a contract of private carriage between the plaintiffs and Seatrade Group NV dated October 4, 2006.

4. If the damages alleged in the plaintiffs' Complaint are proven at trial to be true, which is denied, then said damages were occasioned in whole or in part by the fault, negligence, breaches of contract, and/or breaches of warranty (express or implied) of Seatrade, their officers, agents, servants or employees and without the fault or negligence of Crossclaimant, its officers, agents, servants or employees, and plaintiff should recover said damages directly from Seatrade.

5. If it is determined that Crossclaimant is somehow liable to the plaintiffs for the damages alleged in their Complaint, which is denied, then such liability derives in whole or in part from the fault, negligence, and/or breaches of express or implied warranties and/or contractual obligations by Seatrade, their officers, agents, servants or employees, and Crossclaimant should have recovery over and against and be indemnified by, or secure contribution from Seatrade for all such sums so recovered against Crossclaimants, inclusive of counsel fees and expenses.

WHEREFORE, Crossclaimant Ashwater prays as follows:

a. That process in due form of law according to the rules and practices of this Honorable Court may issue against Seatrade citing it to appear and answer under oath this Crossclaim; and,

b. That Seatrade be adjudged directly liable to the plaintiff for any damages proven at trial; and

PBH: 189490.1

  c.  That judgment be entered in favor of Ashwater and against Seatrade for indemnity and/or contribution, together with costs of suit, counsel fees and such other and further relief as this Honorable Court may deem just and proper in the circumstances.

  d.  That Seatrade be adjudged directly liable to Ahswater for its direct damages proven at trial, together with costs of suit, counsel fees and such other and further relief as this Honorable Court may deem just and proper in the circumstances.

           PALMER BIEZUP & HENDERSON LLP

           By: /s/ Michael B. McCauley
             Michael B. McCauley (ID 2416)
             1223 Foulk Road
             Wilmington, DE 19803
             (302) 594-0895
             (302) 478-7625 (fax)
             mccauley@pbh.com

             Attorneys for Defendants,
             Ashwater Navigation Co., Ltd.
             and M/V BADRINATH

OF COUNSEL:

/s/ Frank P. DeGiulio
Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
620 Chestnut Street, 956 Public Ledger Building
Philadelphia, PA 19106
(215) 625-9900



PALMER
Attorneys at Law

PHILADELPHIA | NEW JERSEY | NEW YORK | DELAWARE | MARYLAND

Frank P. DeGiulio
*Partner*
fpd@pbh.com
Direct Dial: 215 625 7809

March 5, 2007

**LETTER OF UNDERTAKING**

Dominion Citrus, Ltd.;
Fresh Fruit, S.A.; Agri Souss;
El Boura; GPA; Limona Souss;
Priagrus
c/o Mattioni, Ltd.
339 Market Street, 2nd Floor
Philadelphia, PA 19106

        Re:    *M/V BADRINATH*
        Bs/L:  SDGRAGAW1710001; SDGRAGAW1710002
               SDGRAGAW1710003; SDGRAGAW1710004
               SDGRAGAW1710005
        Our File Nos. 7962-068 and 0362-001

Dear Sirs:

      We understand that you allege claims for damage to a certain cargo of clementines loaded aboard the M/V BADRINATH at Agadir, Morocco, on or about January 2, 2007, for transportation to the port of Wilmington, Delaware, under the above referenced bills of lading and, in connection therewith, you have commenced formal proceedings in the United States District Court for the District of Delaware and have in connection therewith caused the arrest and maritime attachment of the M/V BADRINATH in that jurisdiction. We further understand that you allege that you are the parties entitled to assert the aforesaid claims and to recover damages, if any, in connection therewith.

      In consideration of your consenting by stipulation to the release of the M/V BADRINATH from the arrest and maritime attachment now in effect, and in further consideration of your refraining from arresting, attaching, withholding clearance or otherwise detaining the M/V BADRINATH, or any other vessels or assets of her owners, operators or managers in any jurisdiction in connection with claims arising in any manner from the matter described above, the undersigned Association hereby agrees:

      1.    To file or cause to be filed a Claim of Right or Interest on behalf of the M/V BADRINATH, *in rem*, and an Answer on behalf of the registered owner of the vessel, Ashwater

PBH: 188870.1

Palmer Biezup & Henderson LLP
956 Public Ledger Building | Independence Mall West | Philadelphia, PA 19106-3409
P 215.625.9900 | F 215.625.0185

Dominion Citrus, Ltd.
March 5, 2007
Page 2

_____

Navigation Co., Ltd. ("Owner"), in the suit commenced by you in the United States District Court for the District of Delaware captioned Dominion Citrus, Ltd. et al. v. M/V BADRINATH, et al., Civil Action No. 07-cv-050 (the "Lawsuit"), vessel lost or not lost, whether present in the jurisdiction or not, said Claim of Right or Interest and Answer to be consistent with and without prejudice to all defenses available to the vessel and her owners, and shall not constitute a waiver of any such defenses.

2.   In the event that a final judgment, after all appeals, if any, be entered in your favor and against the M/V BADRINATH, *in rem*, and/or against the Owner, *in personam*, in the lawsuit described in paragraph 1 above, then the undersigned Association agrees to pay and satisfy up to but not exceeding the total sum of THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00), inclusive of interest and costs, of the said final judgment or any lesser amount decreed or settled between the parties without a judgment being rendered.

3.   Upon demand, to file a bond with approved corporate surety in an amount to be agreed upon or fixed by the Court but not to exceed the total sum of THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00), inclusive of interest and costs, to secure your claims against the M/V BADRINATH, *in rem*, and the Owner, *in personam*, in the Lawsuit.

4.   In the event the bond referred to in paragraph 3 above is filed, the undersigned Association shall have no further obligation under paragraph 2 above; the bond serving as security in lieu of, and not in addition to, the security set forth in paragraph 2 above.

This letter is written entirely without prejudice to any and all rights, claims and defenses which the M/V BADRINATH or her owners, charterers, operators, managers and/or those responsible for the operation, management and utilization of the vessel may have under any applicable statutes or laws including, but not limited to, the right to assert claims or counterclaims against you or other persons, any right of exoneration from or limitation of liability, or any right to assert that any claim is subject to arbitration or a forum selection clause, none of which rights, claims or defenses is to be regarded as waived.

This letter and the security given hereby is expressly limited to the *in rem* claim asserted against the M/V BADRINATH and the *in personam* claim asserted against the Owner in the Lawsuit and is to run only in favor of the Plaintiffs named in the Lawsuit. In no event shall the amount of security available hereunder exceed the total maximum sum of THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00), inclusive of interest and costs, regardless of the whether separate judgments are entered against the M/V BADRINATH and the Owner.

PBH: 188870.1

Case 1:07-cv-00050-JJF   Document 34-2   Filed 04/12/2007   Page 3 of 3

PALMER
Attorneys at Law

Dominion Citrus, Ltd.
March 5, 2007
Page 3

It is the intent of this undertaking that your rights as plaintiffs and the rights of the claimant of the M/V BADRINATH and the Owner shall be, and for all purposes shall be taken to be, precisely the same as they would have been had the vessel in fact been taken into custody by process *in rem* and by process of foreign attachment and released by the filing of a release bond. All other objections and defenses otherwise available to the owners, operators, managers, charterers and/or those responsible for the operation, management and utilization of the vessel are, however, respectfully reserved.

The amount of this Letter of Undertaking may be subsequently decreased by agreement of the parties or upon application to the court having jurisdiction, but in no event shall the total amount of security available hereunder ever exceed the sum of THREE MILLION FIVE HUNDRED THOUSAND UNITED STATES DOLLARS ($3,500,000.00), inclusive of interest and costs.

It is understood and agreed that the signing of this letter by Frank P. DeGuilio shall not be construed as binding on him personally, nor binding on the Law Firm of Palmer Biezup & Henderson, LLP, but is binding only upon the principal for whom they have executed this Letter of Undertaking, Assuranceforeningen SKULD (Gjensidig).

Very truly yours,

ASSURANCEFORENINGEN SKULD
(GJENSIDIG)

By: _____
Frank P. DeGuilio, as attorney-in-fact
For the above limited purpose only, as
per authority received on 5 March
2007 from Assuranceforeningen
SKULD (Gjensidig).

PBH: 188870.1