## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DOMINION CITRUS, LTD.,                    :
et al.,                                   :          CIVIL ACTION
                                          :          1:07-cv-00050-JJF
                    Plaintiffs            :
                                          :
        v.                                :
                                          :
M/V BADRINATH, her engines,               :
machinery, tackle, apparel, etc.,         :
et al.,                                   :
                                          :
                    Defendants            :

## DEFENDANT ASHWATER NAVIGATION COMPANY, LTD.'S MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Ashwater Navigation Co., Ltd. ("Ashwater"), by and through its attorneys, Palmer

Biezup & Henderson LLP, respectfully moves the Court pursuant to Fed. R. Civ. P. 37, D. De. Local

Rule 37.1 and this Court's Scheduling Order, for an Order compelling Plaintiffs to provide complete

and proper responses to Defendant's Request for Production of Documents, and avers as follows:

1.      On September 19, 2007, defendant Ashwater served its First Request for Production

of Documents on the plaintiffs, to which responses were due not later than October 22, 2007 (A copy

of the First Request for Production, consisting of thirty-four (34) individual requests, is attached

hereto as Exhibit 'A').

2.      After repeated demands, the plaintiffs served written responses to Ashwater's

Requests for Production on December 21, 2007, sixty (60) days after the original due date. The only

specific objections lodged by the plaintiffs related to requests 33 and 34. The only documents

produced by the plaintiffs with their December, 2007, response consisted of a "Loss Report,

PBH: 195747.1

Surveyor Work Sheet and Claim Documentation" prepared by J.M. Hughes Surveyors at the request of one of the plaintiffs, Dominion Citrus, Ltd. ("Claim Documents"). The plaintiffs responses to the requests and their production of documents was incomplete, evasive and improper in numerous respects. (A copy of the plaintiffs response to Ashwater's Request for Production is attached hereto as Exhibit 'B').

3.     On March 7, 2008, counsel for Ashwater wrote to the plaintiffs' counsel setting forth detailed demands for proper and complete responses to the document requests. (A copy of the letter of March 7, 2008 is attached hereto as Exhibit 'C').

4.     As set forth in Exhibit 'C', the plaintiffs have produced no documents whatsoever in response to Ashwater's document requests 1, 2, 4, 8, 9, 23, 24, 25, 27, 28, 31 and 32.

5.     In other instances the plaintiffs responded to requests by referring generally to the "Claim Documents," without specificity.   In fact, and contrary to the plaintiffs' contentions, the "Claim Documents" contain no documents whatsoever which are responsive to Ashwater's document requests 15, 16, 18, 19, 20, 21, 22, 26, 29 and 30 (See Exhibit 'C').

6.     The only specific objections (overbroad/relevance) lodged by the plaintiffs relate to document requests 33 and 34. These requests demand production of documents related to the ocean transportation and sale in the United States or Canada of Clementines imported by the plaintiffs from Morocco or Spain via any ocean-going vessel from December 1, 2006 to May 15, 2007, the annual importation season in which this loss allegedly occurred. Defendants are entitled to obtain documentation regarding the importation and sale of the product during the period before and after the BADRINATH shipment for the purposes of discovery since it is relevant to the plaintiffs'

calculation of damages based on alleged sound market value of the product and their allegations regarding the condition of the fruit carried aboard the BADRINATH. The plaintiffs do not contend that this information is privileged and the requests are reasonably calculated to lead to the discovery of admissible evidence.

7. Despite further demands and good faith efforts by Ashwater's counsel to obtain complete and proper responses, no supplemental responses have been received from the plaintiffs to date. (A certification of counsel pursuant to Fed. R. Civ. P. 37(a)(1) and D. De. LR 7.1.1 is set forth below).

WHEREFORE, defendant Ashwater respectfully requests this Honorable Court to enter an Order in the form attached hereto pursuant to Fed. R. Civ. P. 37(a)(1) compelling the plaintiffs to provide complete and specific responses to the First Production of Documents and awarding payment of expenses as provided by Fed. R. Civ. P. 37(a)(5)(A).

PALMER BIEZUP & HENDERSON LLP

By:    /s/ Michael B. McCauley
      Michael B. McCauley (ID 2416)
      1223 Foulk Road
      Wilmington, DE 19803
      (302) 594-0895
      (302) 478-7625 (fax)
      mccauley@pbh.com

      Attorneys for Defendants,
      Ashwater Navigation Co., Ltd.
      and M/V BADRINATH

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) and D.De. LR 7.1.1

The undersigned counsel hereby certifies that the Movant has, in good faith, conferred or attempted to confer with Plaintiffs in an effort to obtain discovery without court action.

PALMER BIEZUP & HENDERSON LLP

By:   /s/ Michael B. McCauley
     Michael B. McCauley (ID 2416)
     1223 Foulk Road
     Wilmington, DE 19803
     (302) 594-0895
     (302) 478-7625 (fax)
     mccauley@pbh.com

     Attorneys for Defendants,
     Ashwater Navigation Co., Ltd.
     and M/V BADRINATH

OF COUNSEL:

Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
620 Chestnut Street, 956 Public Ledger Building
Philadelphia, PA  19106
(215) 625-9900

PBH: 195747.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DOMINION CITRUS, LTD., | : | |
| et al., | : | CIVIL ACTION |
| | : | 1:07-cv-00050-JJF |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| M/V BADRINATH, her engines, | : | |
| machinery, tackle, apparel, etc., | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**OF DEFENDANT ASHWATER NAVIGATION COMPANY, LTD. TO PLAINTIFFS**

Defendant Ashwater Navigation Co., Ltd. requests that each and every plaintiff produce the following documents for inspection and copying pursuant to Rule 34 of the Federal Rules of Civil Procedure within thirty(30) days from service of this Request.

**DEFINITIONS**

1.    The word "Cargo" as used in this pleading relates to the entire quantity of Clementines identified in the plaintiffs' Complaint allegedly carried on board the M/V BADRINATH, arriving in Wilmington, Delaware, in or about January, 2007.

2.    The word "Vessel" as used in this pleading relates to the M/V BADRINATH.

3.    "You" or "your" as used in this pleading refers to each and every named plaintiff individually and any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives and all other persons acting or

PBH: 192423.1



purporting to act with, for, or on its behalf, including but not limited to consultants and advisors, and/or its subrogated underwriters, if applicable.

4.     The word "Communications" as used in this pleading includes any telex, telegram, letter, facsimile, e-mail or any other means of written communication by whatever means transmitted, including all attachments and enclosures.

5.     The word "Document" means any and all materials within the full meaning and scope of that term as set forth in Fed. R. Civ. P. 34, as amended.

## DOCUMENTS

1.     All Documents prepared and/or received by you or on your behalf relating in any way to the growth, harvesting, packing, preparation, handling and storage of the Cargo prior to loading aboard the Vessel, including but not limited to harvest reports, certificates of origin, packing lists, sorting records, surveys or inspections of any kind, quality or condition statements or representations, warehouse receipts, delivery receipts, fruit pulp temperature records, ambient air temperature records, warehouse temperature records, grower's certificates, export Documents and customs Documents.

2.     All Documents prepared and/or received by you or on your behalf relating in any way to the transportation of the Cargo by any mode of transportation from the point in time said Cargo left the premises of the originating grower to the point in time it arrived at the port of loading in Morocco, including but not limited to tallies, exception lists, bills of lading, warehouse receipts, trucking receipts, surveys or inspections of any kind and temperature records.

PBH: 192423.1

3.      All Documents prepared and/or received by you or on your behalf relating in any way to the sale and/or purchase and/or consignment of the Cargo by, between or among any of the plaintiffs, the growers/producers, the shippers and/or the consignees set forth in the Ocean Bill(s) of Lading involved in this matter, including but not limited to sales contracts, consignment agreements, sales invoices, commercial invoices, customs Documents, packing lists, Communications, delivery instructions, letters of guarantee, purchase orders, purchase invoices, payment vouchers, etc.

4.      All Documents prepared and/or received by you or on your behalf relating in any way to the delivery and receipt of said Cargo at the terminal and/or pier facility at the port of loading in Morocco, including but not limited to dock receipts, tallies, delivery receipts and warehouse receipts.

5.      All Documents prepared and/or received by you or on your behalf relating in any way to instructions, orders, and/or requests regarding the handling, storage, securing, care and/or protection of the Cargo before loading aboard the Vessel, during the voyage or following discharge.

6.      All Documents prepared and/or received by you or on your behalf relating in any way to the loading of the Cargo on board the Vessel including but not limited to loading tallies, pulp temperature records, condition surveys, mate's receipts, exception lists, notes of protest, etc.

7.      All Documents prepared and/or received by you or on your behalf relating in any way to condition or quality inspections of the Cargo at any point from the time the Cargo was harvested up to and including its stowage on board the Vessel.

8.      All Documents prepared and/or received by you or on your behalf relating to any survey, inspection, certification or testing of the Vessel or any of its equipment conducted at the load port in Morocco.

9.      All Documents prepared and/or received by you or on your behalf relating in any way to the transfer of title or risk of loss to the Cargo at any point in time from the time of harvest to the time of discharge of the Cargo from the Vessel at Wilmington, Delaware.

10.     All Documents prepared and/or received by you or on your behalf which contain any information whatsoever regarding the quality or condition of the Cargo from the time it was loaded aboard the said Vessel to the time of discharge at Wilmington, Delaware.

11.     All Documents prepared and/or received by you or on your behalf which contain any information whatsoever regarding the quality or condition of the Cargo at any point in time after the Cargo was discharged from the Vessel at Wilmington, Delaware.

12.     All Documents prepared and/or received by you or on your behalf relating in any way to the transportation, handling, storage and delivery of the Cargo after discharge from the Vessel

at Wilmington, Delaware, including but not limited to packing lists, surveys or inspections of any kind, quality or condition statements or representations, warehouse receipts, delivery receipts, fruit pulp temperature records, ambient air temperature records, warehouse temperature records, import Documents, customs Documents and trucking receipts.

13.    All Documents prepared and/or received by you or on your behalf relating in any way to the sorting, segregation and/or repacking of the Cargo based on condition or quality after discharge from the Vessel at Wilmington, Delaware.

14.    All Documents prepared and/or received by you or on your behalf relating to any portion of the Cargo which was allegedly not sold for human consumption.

15.    All Documents within your possession prepared and/or issued by the U.S. Department of Agriculture or any department or division thereof relating in any way to the Cargo or to the Vessel.

16.    All Documents within your possession prepared and/or issued by any agency, department or division of the government of Canada relating in any way to the Cargo.

17.    All Documents prepared and/or received by you or on your behalf relating in any way to your intended or actual sale of the Cargo to any broker, customer or other purchaser in the United States or Canada, including but not limited to:

PBH: 192423.1

(a)     Purchase Orders;

(b)     Sales invoices;

(c)     Sales contracts;

(d)     Delivery receipts;

(e)     Trucking receipts;

(f)     Rejection notices;

(g)     Discount agreements.

18.     All Documents prepared and/or received by you or on your behalf which relate in any way to the alleged cause of the damage to the Cargo set forth in the Complaint.

19.     All Documents prepared and/or received by you or on your behalf relating in any way to the submission and/or payment of claims for alleged damage to the Cargo by any insurance carrier or underwriter.

20.     Proof of Loss Statement(s), subrogation receipt(s) and loan receipt(s) prepared and/or received and/or executed by you or on your behalf with respect to insurance claims for alleged damage to and/or loss of the Cargo.

21.     The entire claims and/or investigation file(s) including all insurance policies maintained by any insurer of the Cargo excluding privileged communications.

22.    All photographs of the Cargo, the Vessel or any warehouse, storage or packing facility where the Cargo was handled or stored.

23.    All contracts, agreements or other Documents that confirm, define or explain the relationship between you and any other plaintiff named in this lawsuit.

24.    All contracts, agreements or other Documents that confirm, define or explain the relationship between you and Marcab Sarl.

25.    All contracts, agreements or other Documents that confirm, define or explain the relationship between you and United Reefers Maroc.

26.    All Communications relating in any way to the Cargo or the Vessel between you and any other plaintiff named in this lawsuit.

27.    All Communications relating in any way to the Cargo or the Vessel between you and Marcab Sarl.

28.    All Communications relating in any way to the Cargo or the Vessel between you and United Reefers Maroc.

PBH: 192423.1

29.    All Communications relating in any way to the Cargo, the Vessel or the claims set forth in your Complaint between you and Seatrade Reefer Chartering and/or Seatrade USA.

30.    All Documents which evidence that any case(s) and/or pallet(s) of the Cargo was sold by you at a reduced price specifically as a direct and proximate result of alleged damage sustained to the Cargo while aboard the Vessel.

31.    All Documents relating to your policies and procedures for determining and documenting the quality and condition of Clementines prior to loading aboard a Vessel bound for the United States.

32.    All Documents relating to your policies and procedures for the harvesting, handling, packing and storage of Clementines prior to loading aboard a Vessel bound for the United States.

33.    All Documents relating to the ocean transportation of Clementines imported to the United States by you or on your behalf from Morocco or Spain via any ocean-going Vessel other than the M/V BADRINATH during the period from December 1, 2006 through May 15, 2007, including but not limited to tallies, customs manifests, surveys, bills of lading and inspection reports.

34.    All Documents relating in any way to your sale in the United States or Canada of any Clementines imported by you or on your behalf from Morocco or Spain to the United States via any

PBH: 192423.1

ocean-going Vessel other than the M/V BADRINATH during the period from December 1, 2006

through May 15, 2007, including but not limited to:

    (a)    Purchase Orders;

    (b)    Sales invoices;

    (c)    Sales contracts;

    (d)    Delivery receipts;

    (e)    Rejection notices;

    (g)    Discount agreements.

PALMER BIEZUP & HENDERSON LLP

By _____

    Michael B. McCauley (ID 2416)
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    mccauley@pbh.com

    Attorneys for Defendants,
    Ashwater Navigation Co., Ltd.
    and M/V BADRINATH

OF COUNSEL:

Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
620 Chestnut Street, 956 Public Ledger Building
Philadelphia, PA  19106
(215) 625-9900

PBH: 192423.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of First

Request for Production of Documents of Defendant Ashwater Navigation Co., Ltd. To Plaintiffs was

made to the below-listed counsel via United States First-Class Mail, postage prepaid, as follows:

Lee C. Goldstein, Esquire
615 W. 18th Street
P.O. Box 1957
Wilmington, DE 19802

Stephen J. Galati, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801

I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2007.

PALMER BIEZUP & HENDERSON LLP

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Attorneys for Defendant,
Ashwater Navigation Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

DOMINION CITRUS, LTD.,                          :
et al.,                                         :          CIVIL ACTION
                                                :          1:07-cv-00050-JJF
              Plaintiffs                        :
      v.                                        :
                                                :
M/V BADRINATH, her engines,                     :
machinery, tackle, apparel, etc.,               :
et al.,                                         :
                                                :
              Defendants                        :

## NOTICE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of **First Set of Interrogatories Directed to Plaintiffs by Defendant Ashwater Navigation Co., Ltd.** was made to the below-listed counsel via United States First-Class Mail, postage prepaid on September 19, 2007:

Lee C. Goldstein, Esquire
615 W. 18th Street
P.O. Box 1957
Wilmington, DE 19802

Stephen J. Galati, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801

PBH: 192423.1

PALMER BIEZUP & HENDERSON LLP


By:   /s/Michael B. McCauley

      Michael B. McCauley (ID 2416)

      1223 Foulk Road

      Wilmington, DE 19803

      (302) 594-0895

      (302) 478-7625 (fax)

      mccauley@pbh.com


      Attorneys for Defendant,

      Ashwater Navigation Co., Ltd.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DOMINION CITRUS, LTD., *et al.*　　　　: CIVIL ACTION
　　　　*Plaintiffs*　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　:
M/V BADRINATH. her engines,　　　　　:
machinery, tackle, apparel, etc. *et al.*　　:
　　　　*Defendants.*　　　　　　　　　: NO.  07-cv- 50

## PLAINTIFFS' RESPONSE TO THE REQUEST FOR PRODUCTION OF DOCUMENTS OF DEFENDANT ASHWATER NAVIGATION CO. LTD.

Plaintiffs, hereby provides this response to Ashwater's Request For Production of

Documents as follows:

### General Statement

All such answers and documents are provided without in any way waiving:

a.　　All questions as to competency, relevancy, materiality, privilege, and/or

admissibility of evidence for any purpose in any subsequent proceeding or in the trial of this or

any other action;

b.　　The right to object to the use of any of the answers herein in any subsequent

proceedings, or in the trial of this or any other action on any ground;

c.　　The right to object on any ground at any time to a demand for further response to

these requests involving or relating to the subject matter of these interrogatories;

d.　　The right to further supplement and/or amend these answers based upon the

discovery of additional information or documentation; and

e.　　The attorney-client and/or work product privileges, and therefore any inadvertent

production of any privileged information in answer to any request shall not constitute a waiver of



EXHIBIT

B

said privileges.

## General Objections

a.    Answering party objects to these requests to the extent that they seek: (a) attorney's work product; or (b) privileged information, including but not limited to information subject to the attorney-client privilege; (c) trade secrets; or (d) documents and tangible things prepared in anticipation of litigation or for trial by the answering party, its attorneys, agents, and/or representatives.

b.    Answering party objects to these requests to the extent that the information sought is not relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

c.    Answering party objects to these requests on the grounds that they are overbroad, and/or any attempt to answer would be unduly burdensome, expensive, and oppressive.

d.    Answering party objects to these requests to the extent that they do not specify a period of time for which answers are requested, and therefore they seek to encompass an unlimited time period and are unreasonably oppressive and unduly burdensome.

## Responses and Specific Objections

1.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

2.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

3.    See Claim/Damage documentation provided herewith.  Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

4.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

5.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located. See also shipment instructions marked as Exhibit 45.

6.    Plaintiffs'. investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located. See also, Deposition Exhibits 52, through 58(a) , and 117 through 123.

7.    See documents identified above. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

8.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

9.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

10.    See documents identified above. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

11.    See damage/loss documentation provided herewith.

12.    See damage/loss documentation provided herewith.

13.    See damage/loss documentation provided herewith.

14.    See damage/loss documentation provided herewith.

15.    See damage/loss documentation provided herewith.

16.    See damage/loss documentation provided herewith.

17.    See damage/loss documentation provided herewith.

18.    See deposition exhibits and damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

19.    See damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

20.    See damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

21.    See deposition exhibits and damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

22.    See deposition exhibits and damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

23.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

24.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

25.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

26.    See deposition exhibits and damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

27.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

28.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

29.    See deposition exhibits and damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

30.    See damage/claim documents provided herewith. Additionally, Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

31.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

32.    Plaintiffs' investigation is continuing and such documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

33.    Objection. This request is overbroad and not calculated to lead to the discovery of admissible evidence. It is also unduly burdensome.

34.    Objection. This request is overbroad and not calculated to lead to the discovery of admissible evidence. It is also unduly burdensome.

LEE C. GOLDSTEIN, ATTORNEY AT LAW

By: _____

Lee C. Goldstein, Esquire
615 W. 18th Street
Wilmington, DE 19802
302-654-2690

MATTIONI, LTD.

_____
Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Tel: (215) 629-1600

Dated: December 21, 2007

<u>CERTIFICATE OF SERVICE</u>

I  STEPHEN J. GALATI, ESQUIRE, hereby certify that a true and correct copy of

Plaintiffs' Response to Ashwater's Request for Production of Documents were sent via  first

class mail, on December 21, 2007 to the following:

Frank P. DeGiulio, Esquire
Palmer, Biezup & Henderson
956 Public Ledger Bldg. 620 Chestnut St.
Philadelphia, PA 19106
Fax No. 215-625-0185

A. Robert Degen, Esquire
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market St. - 10th Fl.
Philadelphia, PA 19103

Stephen J. Galati

# PALMER
## Attorneys at Law

PHILADELPHIA | NEW JERSEY | NEW YORK | DELAWARE | MARYLAND

**Frank P. DeGiulio**
*Partner*
fpd@pbh.com
Direct Dial: 215 625 7809

March 7, 2008

Stephen J. Galati, Esq.
Mattioni, Ltd.
399 Market Street, 2ⁿᵈ Floor
Philadelphia, PA 19106

      Re:    Dominion Citrus, Ltd., et al. v. M/V BADRINATH, et al.
              U.S.D.C., D.DE., C.A. No. 1:07-cv-00050-JJF
              Your File No.: 34484-32604
              <u>Our File No.: 0362-001</u>

Dear Steve:

I am writing to demand complete and proper responses to the Request for Production of Documents ("RFP") served on the plaintiffs by our client, defendant Ashwater Navigation Co., Ltd., in this case.

The RFP was served on September 19, 2007. After a series and written demands to your office beginning in October, 2007, and our advice that it would be necessary for us to file a motion to compel responses from your clients, we finally received written responses on December 21, 2007, three months after the discovery was originally served.

The response to the RFP received from your office in late December is incomplete, improper and inadequate in numerous respects. We have received no supplemental responses from your office notwithstanding the fact that supplemental responses were specifically promised and the passage of more than 70 days since our receipt of the initial discovery responses.

This letter will provide you with the details of our demands to your clients for proper and complete responses in an attempt to avoid the need to take this matter before the Court by way of motion.

If we do not receive full and complete responses in accordance with this letter by March 14, 2008, we will file an appropriate motion with the Court.

Palmer Biezup & Henderson LLP
956 Public Ledger Building | Independence Mall West | Philadelphia, PA 19106-3409
P 215.625.9900 | F 215.625.0185



EXHIBIT

C

M/V BADRINATH
March 7, 2008
Page 2

_____

The plaintiffs have produced only a "Loss Report, Surveyor Work Sheet, and Claim Documentation" ("Claim Documents") prepared by J.M. Hughes at the request of Dominion Citrus, Ltd.

Plaintiffs produced no documents in response to the following requests, stating that "Plaintiffs' investigation is continuing. We demand full and complete responses to the following Requests:

    a.     Request 1 regarding documents related to the cargo prior to loading aboard the vessel.

    b.     Request 2 regarding documents related to the transportation of the cargo from the time the cargo left the premises of the grower to the time it arrived in Morocco.

    c.     Request 4 regarding documents related to delivery and receipt of the cargo in Morocco.

    d.     Request 8 regarding documents related to inspection of the vessel in the load port in Morocco.

    e.     Request 9 regarding documents related to transfer of title/risk from time of harvest to time of discharge in Delaware.

    f.     Request 23 regarding documents related to the relationship between the plaintiffs.

    g.     Request 24 regarding documents related to the relationship between plaintiffs and Marcab Sarl.

    h.     Request 25 regarding documents related to the relationship between plaintiffs and United Reefers Maroc.

    i.     Request 27 regarding communications between plaintiffs and Marcab Sarl.

    j.     Request 28 regarding communications between plaintiffs and United Reefers Maroc.

    k.     Request 31 regarding documents related to plaintiffs' policies and procedures related to quality and condition of Clementines before loading aboard a vessel bound for the U.S.

    l.     Request 32 regarding documents related to plaintiffs' policies and procedures related to handling of Clementines before loading aboard a vessel bound for the U.S.

In many instances the plaintiffs simply respond by stating that responsive documents are included in the Claim Documents produced without any further identification of the responsive documents. As a matter of fact the produced Claim Documents include no documents which are responsive to Requests 15, 16, 18, 19, 20, 21, 22, 26, 29 and 30. We demand full and complete responses to the following Requests as to which no documentation has thus far been produced:

    a.     Request 15 for documents prepared/issued by the USDA relating to Cargo or Vessel.

    b.     Request 16 regarding documents prepared/issued by any agency in Canada

PALMER
Attorneys at Law

M/V BADRINATH
March 7, 2008
Page 3

---

       relating to the Cargo.

c.      Request 18 regarding documents related to the alleged cause of damage to the Cargo.

d.      Request 19 regarding documents related to submission and/or payment of claim for damage by any insurance carrier or underwriter.

e.      Request 20 regarding proof of loss receipt, subrogation receipts, and loan receipts.

f.      Request 21 regarding claims/investigation file maintained by any insurer including all insurance policies.

g.      Request 22 regarding all photographs of the cargo, the vessel, or any warehouse/storage/packing facilities. (Two survey reports by J.M. Hughes including in the professional fees section of the claim documents contained a total of 16 photographs of damages fruit and damaged pallets following discharge. There were no other photographs contained in the claim documents.)

h.      Request 26 regarding all communications related to the cargo or the vessel between the plaintiffs.

i.      Request 29, regarding all communications between plaintiffs and Seatrade Reefer Chartering and/or Seatrade USA.

j.      Request 30 related to documents which evidence the fact that any Cargo was sold at a reduced price as a direct and proximate result of alleged damage sustained aboard the vessel.

The only specific objections (overbroad/relevance) lodged by the plaintiffs relate to Requests 33 and 34. These requests demand production of documents related to the ocean transportation and sale in the United States or Canada of Clementines imported by plaintiff from Morocco or Spain via any ocean-going vessel from December 1, 2006 to May 15, 2007. The objections are not valid. Defendants are clearly entitled to obtain documentation regarding the importation and sale of the product during the period before and after the BADRINATH shipment for the purposes of discovery in connection with the plaintiffs' calculation of damages based on alleged sound market value. We therefore demand full and complete responses to Requests 33 and 34.

Very truly yours,

PALMER BIEZUP & HENDERSON LLP

By:

Frank P. DeGiulio

PALMER
Attorneys at Law

M/V BADRINATH
March 7, 2008
Page 4

_____


cc:     Lee C. Goldstein, Esq.
        Michael B. McCauley, Esq.
        Sharon Oras Morgan, Esq.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

DOMINION CITRUS, LTD.,                  :
et al.,                                  :          CIVIL ACTION
                                         :          1:07-cv-00050-JJF
                Plaintiffs               :
                                         :
        v.                               :
                                         :
M/V BADRINATH, her engines,              :
machinery, tackle, apparel, etc.,        :
et al.,                                  :
                                         :
                Defendants               :

## ORDER

AND NOW, this        day of                    , 2008, upon consideration of the motion of

defendant's Ashwater Navigation Co., Ltd. to compel responses to the defendant's First Request for

Production of Documents directed to the Plaintiffs, and any response thereto, it is hereby

ORDERED that the defendant's motion is GRANTED. The plaintiffs shall serve complete

and specific responses to numbered document requests 1, 2, 4 , 8, 9, 15, 16, 18, 19, 20, 21, 22, 23,

24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34, together with all documents responsive thereto, within

ten (10) days of the date of this Order, failing which this Court will entertain a motion by Defendant

for sanctions.

IT IS FURTHER ORDERED that Plaintiff shall pay Defendant's reasonable expenses in

preparing and filing this motion, including attorney's fees.

BY THE COURT:

_____
Joseph J. Farnan, Jr., U.S.D.J.

PBH: 195747.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of the foregoing Motion to Compel Discovery was made to the below-listed counsel via United States First-Class Mail, postage prepaid, as follows:

Lee C. Goldstein, Esquire
615 W. 18th Street
P.O. Box 1957
Wilmington, DE 19802

Stephen J. Galati, Esquire
Mattioni, Ltd.
399 Market Street, Second Floor
Philadelphia, PA 19106

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2008.

PALMER BIEZUP & HENDERSON LLP

By:    /s/ Michael B. McCauley
     Michael B. McCauley (ID 2416)
     1223 Foulk Road
     Wilmington, DE 19803
     (302) 594-0895
     (302) 478-7625 (fax)
     mccauley@pbh.com

     Attorneys for Defendants,
     Ashwater Navigation Co., Ltd.
     and M/V BADRINATH