UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMINION CITRUS, LTD., et al., | : | CIVIL ACTION |
| | : | 1:07-cv-00050-JJF |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| M/V BADRINATH, her engines, machinery, tackle, apparel, etc., et al., | : | |
| | : | |
| Defendants | : | |

### DEFENDANT ASHWATER NAVIGATION COMPANY, LTD.'S
### MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Defendant Ashwater Navigation Co., Ltd. ("Ashwater"), by and through its attorneys, Palmer Biezup & Henderson LLP, respectfully moves the Court pursuant to Fed. R. Civ. P. 37, D. De. Local Rule 37.1 and this Court's Scheduling Order, for an Order compelling Plaintiffs to provide complete and proper responses to Defendant's Interrogatories, and avers as follows:

1.    On September 19, 2007, defendant Ashwater served its First Set of Interrogatories on the plaintiffs, to which responses were due not later than October 22, 2007 (A copy of the First Set of Interrogatories, consisting of twelve (12) individual interrogatories, is attached hereto as Exhibit 'A').

2.    After repeated demands, the plaintiffs served written responses to Ashwater's Interrogatories on December 21, 2007, sixty (60) days after the original due date. The plaintiffs lodged no specific objections to any of the interrogatories. Nevertheless, the plaintiffs responses to

the interrogatories were incomplete, evasive and improper in numerous respects. (A copy of the plaintiffs response to Ashwater's Interrogatories is attached hereto as Exhibit 'B').

3. On March 7, 2008, counsel for Ashwater wrote to the plaintiffs' counsel setting forth detailed demands for proper and complete responses to the interrogatories. (A copy of the letter of March 7, 2008 is attached hereto as Exhibit 'C').

4. Despite further demands and good faith efforts by Ashwater's counsel to obtain complete and proper responses, no supplemental responses have been received from the plaintiffs to date. (A certification of counsel pursuant to Fed. R. Civ. P. 37(a)(1) and D. De. LR 7.1.1 is set forth below).

5. Plaintiffs' responses to Defendants' Interrogatories are evasive and/or incomplete, and must therefore be treated as failures to respond pursuant to Fed. R. Civ. P. 37(a)(4).

WHEREFORE, defendant Ashwater respectfully requests this Honorable Court to enter an Order in the form attached hereto compelling proper and complete responses by the plaintiffs, and awarding payment of expenses as provided by Fed. R. Civ. P. 37(a)(5)(A).

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Attorneys for Defendants,
Ashwater Navigation Co., Ltd.
and M/V BADRINATH

PBH: 195746.1

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) and D. De. LR 7.1.1

The undersigned counsel hereby certifies that the Movant has, in good faith, conferred or attempted to confer with Plaintiffs in an effort to obtain discovery without court action.

                                    PALMER BIEZUP & HENDERSON LLP

                              By:  /s/ Michael B. McCauley
                                  Michael B. McCauley (ID 2416)
                                  1223 Foulk Road
                                  Wilmington, DE 19803
                                  (302) 594-0895
                                  (302) 478-7625 (fax)
                                  mccauley@pbh.com

                                  Attorneys for Defendants,
                                  Ashwater Navigation Co., Ltd.
                                  and M/V BADRINATH

OF COUNSEL:

Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
620 Chestnut Street, 956 Public Ledger Building
Philadelphia, PA 19106
(215) 625-9900

PBH: 195746.1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., et al., | : |
| | : CIVIL ACTION |
| | : 1:07-cv-00050-JJF |
| Plaintiffs | : |
| v. | : |
| | : |
| M/V BADRINATH, her engines, machinery, tackle, apparel, etc., et al., | : |
| | : |
| Defendants | : |

### FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF BY DEFENDANT ASHWATER NAVIGATION CO., LTD.

Defendant Ashwater Navigation Co., Ltd., by and through its attorneys, Palmer Biezup & Henderson, LLP, addresses the following Interrogatories to each of the named plaintiffs, individually, to be answered under oath by each plaintiff within thirty(30) days from service hereof. These Interrogatories are continuing in character so as to require the filing of Supplemental Answers in the event additional or different information is discovered prior to trial.

### DEFINITIONS

1.  The word "Cargo" as used in this pleading relates to the entire quantity of Clementines identified in the plaintiffs' Complaint allegedly carried on board the M/V BADRINATH, arriving in Wilmington, Delaware, in or about January, 2007.

2.  The word "Vessel" as used in this pleading relates to the M/V BADRINATH.

3.  "You" or "your" as used in this pleading refers to each and every named plaintiff individually and any of its past and present affiliates, operating divisions, parent corporations,

PBH: 192423.1


EXHIBIT A

subsidiaries, directors, officers, agents, employees, representatives and all other persons acting or purporting to act with, for, or on its behalf, including but not limited to consultants and advisors, and/or its subrogated underwriters, if applicable.

4. The word "Communications" as used in this pleading includes any telex, telegram, letter, facsimile, e-mail or any other means of written communication by whatever means transmitted, including all attachments and enclosures.

5. The word "Document" means any and all materials within the full meaning and scope of that term as set forth in Fed. R. Civ. P. 34, as amended.

## INTERROGATORIES

1. Have you or anyone acting on your behalf obtained from any person(s) any statements, memoranda or testimony, etc. concerning any subject matter at issue in this lawsuit? If your answer to this interrogatory is "yes" please state the following:

    A) The name, title, employer and business address of such person(s);

    B) The date(s) such information was given and/or obtained;

    C) Whether such information was oral or reduced to writing and, if so, whether such writing was signed by the person(s) giving the information;

    D) The present location and/or the name and address of the person(s) in possession and/or custody and control of such information.

PBH: 192423.1

2. Please provide the name, title, phone number and business address of any employee, agent, or other person acting on your behalf who was present at any time during loading of the Cargo in Morocco. Please include the purpose of such person's presence at the specific point and time described.

3. State whether or not the Cargo was surveyed or inspected prior to loading on board the Vessel. If your answer is "yes" please indicate the following:

  A) Dates of all such surveys or inspections;

  B) Names, addresses, titles and employers of all persons who preformed such surveys or inspections;

  C) Whether a written survey report has been prepared and/or received by you or on your behalf;

  D) The present location of such reports and/or names and addresses of any such individual(s) in possession of such reports.

4. Identify each and every pallet of cargo which you allege was damaged during ocean transit. For each pallet listed please provide the following information:

  A) All identifying marks including lot numbers, grower name or number, shipper name, harvest dates, etc.

  B) A complete and exact description of the type of damage sustained to the pallet(s) and/or fruit;

PBH: 192423.1

      C)      The number of cases or individual pieces of fruit affected;

      D)      The date the pallet(s)/case(s) were discharged;

      E)      The date the pallet(s)/case(s) were delivered to your purchasers or customers in the United States or Canada;

      F)      The name and address of the purchaser or customer to whom the pallet(s)/case(s) were sold;

      G)      The sale price originally contracted for between your self and the purchaser or customer per case/pallet;

      H)      Any alleged discount which was given due to the alleged damage sustained in ocean transit;

      I)      The actual sale price received.

5.     Describe in detail any and all customer or purchaser rejections or complaints received regarding the Cargo. For each complaint please state:

      A)      The name and address of the customer or purchaser;

      B)      The complete and specific complaint or basis of rejection;

      C)      The date the complaint or rejection was received;

      D)      The amount of any discount given per case/pallet due to the complaint or threatened rejection, if any;

      E)      The invoice number(s) and corresponding purchase order(s) to which each complaint or rejection applies.

6. Describe in detail any discounts or credits issued to customers or purchasers in connection with the Cargo. For each credit or discount please state:

    A) The name and address of the customer or purchaser to whom the credit or discount was issued;

    B) The amount of the credit or discount issued to the customer or purchaser;

    C) The invoice number(s) and corresponding purchase order(s) on which the credit o discount applies;

    D) A detailed description of the reason for the credit or discount;

    E) The original contracted price per case/pallet to the customer or purchaser.

7. Please describe any and all deals, specials, discounts and/or rebates which were in effect between you and your brokers, buyers, customers or purchasers with respect to the sale of Clementines during the period from February 1, 2007 through May 1, 2007. For each deal or rebate please state:

    A) The invoice number(s) and corresponding purchase order(s) to which deal/special/ discount/rebate applied;

    B) The date the deal/special/discount/rebate began and the date the rebate/deal ended in the market.

PBH: 192423.1

8. Describe the sources, procedures and methods used by you to determine the sound market value of the Cargo which you have used as the basis for the damage claims involved in this action. For this calculation please provide:

   A) The names and employment addresses of any and all person involved in the calculation of the sound market value described above;

   B) The name of any and all documents on which you relied to determine the sound market value described above;

   C) Any and all resources on which you relied to determine the sound market value described above;

   D) The exact mathematical calculation you used to determine the sound market value described above.

9. Identify by name each ocean-going Vessel other than the M/V BADRINATH which carried Clementines consigned to you or to persons acting on your behalf from Morocco or Spain to the United States during the period from December 1, 2006 through May 15, 2007.

10. Identify by name each ocean-going Vessel other than the M/V BADRINATH which carried Clementines shipped by you or on your behalf from Morocco to the United States during the period from December 1, 2006 through May 15, 2007.

PBH: 192423.1

11. Provide the name, title, phone number and business address of any employee, agent, or other person acting on your behalf who conducted or was present during any quality or condition inspection of the Cargo at any time prior to loading aboard the Vessel in Morocco.

12. Provide the name, title, phone number and business address of any employee, agent, or other person acting on your behalf who conducted or was present during any quality or condition inspection of the Cargo following discharge from the Vessel at Wilmington, Delaware.

PALMER BIEZUP & HENDERSON LLP

By: _____
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Attorneys for Defendants,
Ashwater Navigation Co., Ltd.
and M/V BADRINATH

OF COUNSEL:

_____
Frank P. DeGiulio
PALMER BIEZUP & HENDERSON LLP
620 Chestnut Street, 956 Public Ledger Building
Philadelphia, PA 19106
(215) 625-9900

PBH: 192423.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of First Set of Interrogatories Directed to Plaintiffs by Defendant Ashwater Navigation Co., Ltd., was made to the below-listed counsel via United States First-Class Mail, postage prepaid, as follows:

> Lee C. Goldstein, Esquire
> 615 W. 18th Street
> P.O. Box 1957
> Wilmington, DE 19802
>
> Stephen J. Galati, Esquire
> Mattioni, Ltd.
> 399 Market Street, Second Floor
> Philadelphia, PA 19106
>
> Sharon Oras Morgan, Esquire
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> Wilmington, DE 19801

I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2007.

> PALMER BIEZUP & HENDERSON LLP
>
> By: _____
> Michael B. McCauley (ID 2416)
> 1223 Foulk Road
> Wilmington, DE 19803
> (302) 594-0895
> (302) 478-7625 (fax)
> mccauley@pbh.com
>
> Attorneys for Defendant,
> Ashwater Navigation Co., Ltd.

PBH: 192423.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., *et al.* <br> *Plaintiffs* <br> v. <br> M/V BADRINATH. her engines, <br> machinery, tackle, apparel, etc. *et al.* <br> *Defendants.* | : CIVIL ACTION <br> : <br> : <br> : <br> : <br> : NO. 07-cv- 50 |

## PLAINTIFFS' RESPONSE TO THE INTERROGATORIES OF DEFENDANT ASHWATER NAVIGATION CO. LTD.

Plaintiffs, hereby respond to the interrogatories of Ashwater Navigation Co., Ltd. as follows:

### General Statement

All such answers and documents are provided without in any way waiving:

1. All questions as to competency, relevancy, materiality, privilege, and/or admissibility of evidence for any purpose in any subsequent proceeding or in the trial of this or any other action;

2. The right to object to the use of any of the answers herein in any subsequent proceedings, or in the trial of this or any other action on any ground;

3. The right to object on any ground at any time to a demand for further response to these requests involving or relating to the subject matter of these interrogatories;

4. The right to further supplement and/or amend these answers based upon the discovery of additional information or documentation; and

5. The attorney-client and/or work product privileges, and therefore any

EXHIBIT B

inadvertent production of any privileged information in answer to any request shall not constitute a waiver of said privileges.

**General Objections**

1. Answering party objects to these interrogatories to the extent that they seek: (a) attorney's work product; or (b) privileged information, including but not limited to information subject to the attorney-client privilege; (c) trade secrets; or (d) documents and tangible things prepared in anticipation of litigation or for trial by the answering party, its attorneys, agents, and/or representatives.

2. Answering party objects to these interrogatories to the extent that the information sought is not relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3. Answering party objects to these interrogatories on the grounds that they are overbroad, and/or any attempt to answer would be unduly burdensome, expensive, and oppressive.

4. Answering party objects to these interrogatories to the extent that they do not specify a period of time for which answers are requested, and therefore they seek to encompass an unlimited time period and are unreasonably oppressive and unduly burdensome.

**Responses and Specific Objections**

The following specific answers to interrogatories are given.

1. (A)-(D). Yes. Plaintiffs have deposed the following individuals Captain Andre Borisovs, Mikichur Sechiyh, Koblic Valeriy Viktorovich, Vasily Kondratyev, and Oleksander

Vasily Frolov. Counsel for Ashwater participated in these depositions and has copies of the transcripts. Plaintiffs have no other statements, memoranda or testimony.

2. Plaintiffs do not presently know the identity of all persons who were present when the cargo was loaded but is investigating same and will update this response when additional information becomes known.

3. (A)-(D). Yes. The cargo was inspected before loaded on the vessel. Among other inspections, which are presently being investigated, the cargo was inspected by the ship's crew and, as evidenced by the clean bills of lading and mates receipts, was in good condition upon loading. The persons conducting these inspections are noted on the documents. Plaintiffs' investigation is continuing and the details of other inspections will be furnished.

4. (A)-(I). The fruit on every pallet carried on the vessel, as identified on the bills of lading and manifest was damaged while aboard the vessel. The damages to each pallet varied, but each included a loss of shelf life. Plaintiffs sold the cargo to its best advantage. The information requested in this interrogatory described in the damage/claim documentation provided herewith. Plaintiffs' investigation is continuing and additional information will be provided if learned/known.

5. (A)-(E). The information requested in this interrogatory described in the damage/claim documentation provided herewith. Plaintiffs' investigation is continuing and additional information will be provided if learned/known.

6. (A)-(E). The information requested in this interrogatory described in the damage/claim documentation provided herewith. Plaintiffs' investigation is continuing and additional information will be provided if learned/known.

7. (A)-(B). Plaintiffs investigation is continuing and this information will be provided if known.

8. (A)-(D). See damage/claim documentation provided herewith.

9. Plaintiffs investigation is continuing and this information will be provided if known.

10. Plaintiffs investigation is continuing and this information will be provided if known.

11. Plaintiffs investigation is continuing and this information will be provided if known.

12. Plaintiffs investigation is continuing and this information will be provided if known.

LEE C. GOLDSTEIN, ATTORNEY AT LAW

By: _____
Lee C. Goldstein, Esquire
615 W. 18th Street
Wilmington, DE 19802
302-654-2690

MATTIONI, LTD.

_____
Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Tel: (215) 629-1600

Dated: December 21, 2007

# PALMER
### Attorneys at Law

PHILADELPHIA | NEW JERSEY | NEW YORK | DELAWARE | MARYLAND

**Frank P. DeGiulio**
*Partner*
fpd@pbh.com
Direct Dial: 215 625 7809

March 7, 2008

Stephen J. Galati, Esq.
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106

        Re:    Dominion Citrus, Ltd., et al. v. M/V BADRINATH, et al.
                U.S.D.C., D.DE., C.A. No. 1:07-cv-00050-JJF
                Your File No.: 34484-32604
                Our File No.: 0362-001

Dear Steve:

      I am writing to demand complete and proper responses to the Interrogatories served on the plaintiffs by our client, defendant Ashwater Navigation Co., Ltd., in this case.

      The Interrogatories were served on September 19, 2007. After a series and written demands to your office beginning in October, 2007, and our advice that it would be necessary for us to file a motion to compel responses from your clients, we finally received written responses on December 21, 2007, three months after the discovery was originally served.

      The Answers to Interrogatories received from your office in late December are incomplete, improper and inadequate in numerous respects. We have received no supplemental answers or responses from your office notwithstanding the fact that supplemental answers were specifically promised and the passage of more than 70 days since our receipt of the initial discovery responses.

      This letter will provide you with the details of our demands to your clients for proper and complete responses in an attempt to avoid the need to take this matter before the Court by way of motion.

      If we do not receive full and complete supplemental interrogatory answers in accordance with this letter by March 14, 2008, we will file an appropriate motion with the Court.

      Ashwater directed a total of twelve (12) interrogatories to the plaintiffs. The plaintiffs lodged no specific objections to any of the interrogatories.

PBH: 195238.1

PBH: 194379.1


EXHIBIT C

M/V BADRINATH
March 7, 2008
Page 2

_____

Plaintiffs did not provide any answers whatsoever to Interrogatories 2, 7, 9, 10, 11, and 12. We demand full and complete answers to these interrogatories which have not been answered at all.

In addition to the foregoing, the plaintiffs' answers to the remaining interrogatories are deficient in the following respects.

Interrogatory 3. The plaintiffs failed to provide any response to subsections A through D and we demand full and complete responses. The plaintiffs' reference to bills of lading and mates' receipts is non-responsive inasmuch as the cargo in question is of a perishable nature and defendants are entitled to obtain all information regarding surveys and inspections of the cargo conducted by or on behalf of the plaintiffs prior to delivery of the cargo to the vessel for carriage.

Interrogatory 4. Subparts A through D of this interrogatory required the plaintiffs to provide specific information regarding each pallet of cargo claimed to have sustained damage. The plaintiffs answered in part by claiming that all pallets sustained some degree of damage, but provided none of the detailed information demanded for each pallet. We demand full and complete responses. Contrary to the plaintiffs' statement, the requested information is not contained in the claim documents produced.

Interrogatory 5. We demand a full and complete response. Contrary to the plaintiffs' statement, the requested information is not contained in the claim documents produced.

Interrogatory 6. We demand a full and complete response. Contrary to the plaintiffs' statement, the requested information is not contained in the claim documents produced.

Interrogatory 8. The plaintiffs respond only by a general reference to the claim documents produced. This is insufficient since the documents do not fully respond to the interrogatory. We demand full and complete answers.

Very truly yours,

PALMER BIEZUP & HENDERSON LLP

By: _____
Frank P. DeGiulio

cc: Lee C. Goldstein, Esq.
    Michael B. McCauley, Esq.
    Sharon Oras Morgan, Esq.

PBH: 195238.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMINION CITRUS, LTD., et al., | : | |
| | : | CIVIL ACTION |
| | : | 1:07-cv-00050-JJF |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| M/V BADRINATH, her engines, machinery, tackle, apparel, etc., et al., | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of the motion of Defendant Ashwater Navigation Co., Ltd. to compel the plaintiffs to provide responses to the defendant's First Set of Interrogatories, and any response, it is hereby

ORDERED that the defendant's motion is GRANTED. The plaintiffs shall serve complete, specific and verified answers to numbered interrogatories 2, 3 (Subparts A through D), 4(Subparts A through D), 5, 6, 7, 8, 9, 10, 11 and 12 within ten (10) days of the date of this Order, failing which this Court will entertain a motion by Defendant for sanctions.

IT IS FURTHER ORDERED that Plaintiffs shall pay Defendant's reasonable expenses in preparing and filing of this motion, including attorney's fees.

BY THE COURT:

_____
Joseph J. Farnan, Jr., U.S.D.J.

PBH: 195746.1

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that service of a true and correct copy of the foregoing Motion to Compel Discovery was made to the below-listed counsel via United States First-Class Mail, postage prepaid, as follows:

> Lee C. Goldstein, Esquire
> 615 W. 18th Street
> P.O. Box 1957
> Wilmington, DE 19802
>
> Stephen J. Galati, Esquire
> Mattioni, Ltd.
> 399 Market Street, Second Floor
> Philadelphia, PA 19106
>
> Sharon Oras Morgan, Esquire
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> Wilmington, DE 19801

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2008    PALMER BIEZUP & HENDERSON LLP

By:  /s/ Michael B. McCauley
    Michael B. McCauley (ID 2416)

PBH: 195746.1