ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

DOMINION CITRUS, LTD., *et al.*     : CIVIL ACTION
    *Plaintiffs*                 :
         v.               :
M/V BADRINATH. her engines,      :
machinery, tackle, apparel, etc. *et al.*   :
    *Defendants*.            : NO.  07-cv- 50  ᒍᒍᏝ

## PLAINTIFFS' RESPONSE TO THE MOTION OF DEFENDANT ASHWATER NAVIGATION CO., LTD TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

       Plaintiffs, hereby respond to the Motion of Defendant Ashwater Navigation Co. Ltd. to

Compel Response to Request for Production of Documents as follows:

       1.      Admitted.

       2.      Denied as stated.   By way of background, this case involves damage to a cargo of

clementines grown in Morocco and shipped by Plaintiffs from Agadir, Morocco to Wilmington,

DE aboard the vessel BADRINATH.  Upon arrival in Wilmington, DE the cargo  was noted to be

damaged.  The cargo was then transported by truck to Canada where it was regraded and sold.

Thus, from Plaintiffs' perspective, most of the operative events took place outside the United

Stats.  In December 2007 Plaintiffs provided a response to Ashwater's Request for Production of

Documents and produced all documents that were available in the United States at that time.

Plaintiff's response to Ashwater's document request was not incomplete, evasive and improper.

The  December 2007 document production included a Loss Report, with appendixes, which

detailed the specifics of Plaintiffs' claim, and included documents supporting Plaintiffs' losses,

including invoices.  In excess of 550 pages of documents were produced at that time. Plaintiffs

have now been able to obtain documents from Morocco that pertain to the farms on which the

cargo was grown and the packing houses in which it was placed in the cases for shipment and on

May 16, 2008 served a Supplemental Response to Ashwater's Request for Production of

Documents (attached as Exhibit "A."). This document production included an additional 75

documents. Another package of documents is en route from Morocco and will be promptly

produced to counsel for Ashwater after receipt. Additionally, Plaintiffs are trying to obtain such

other documents as may exist and over which they have custody or control and as pertain to the

cargo from the farms and packing houses. Such documentation as exists and as Plaintiffs are

able to obtain will promptly be produced after receipt.

        3.      Denied as stated. It is admitted that such letter was sent, it is denied that

Plaintiff's response to the document request was improper and incomplete.

        4.      Denied as stated. Plaintiff's Supplemental Response to Ashwater's document

request includes documents responsive to requests 1, 5, 31, and 32 as well.

        5.      Denied as stated. At the time of Plaintiffs' response to the document request all

readily available documents were produced. Plaintiff's investigation was and is continuing and

to the extent that responsive documents are located they will be produced. Plaintiffs believe that

within 90 days they will be able to either produce all requested documents or to state that no such

responsive documents are in their possession or control and/or that they have not been able to

locate or obtain them.

        6.      It is admitted that Plaintiffs have objected to document requests 33 and 34. These

document requests pertain to the specifics of clementines imported by Plaintiffs on any ocean-

going vessel from the period of December 1, 2006 through May 15, 2007. This request covers

numerous vessels and millions of boxes of cargo unrelated to the cargo which is the subject

matter of this lawsuit. Accordingly, the requests are overbroad and unduly burdensome and the

information is not relevant or calculated to lead to the discovery of admissible evidence.

7.    Denied as stated. A supplemental document production was made on May 16,

2008.

## BY WAY OF FURTHER RESPONSE

8.    Plaintiffs are attempting to produce all discoverable documents that have been

requested, but, as set forth above, this documentation is located outside the United States and the

effort is taking longer than anticipated. The clementines that are the subject of this lawsuit,

approximately 968,000 boxes, were grown on numerous farms and packed in 12 different

packing houses in Morocco. Plaintiffs respectfully request an additional 90 days to locate and

produce such discoverable documents that exist and as are within their possession and control.

LEE C. GOLDSTEIN, ATTORNEY AT LAW

By:    _____

Lee C. Goldstein, Esquire
615 W. 18th Street
Wilmington, DE 19802
302-654-2690

MATTIONI, LTD.

_____

Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Tel: (215) 629-1600

Dated: May 16, 2008

U:\DOCS\sg\Domamen Citrus-Badrinath\Response-motion to compel-RP.wpd

CERTIFICATE OF SERVICE

I STEPHEN J. GALATI, ESQUIRE, hereby certify that a true and correct copy of Plaintiffs' Answers to Ashwater's Motion to Compel Response to Request for Production of Documents was sent via first class mail, on May 16, 2008 to the following:

Frank P. DeGiulio, Esquire
Palmer, Biezup & Henderson
956 Public Ledger Bldg. 620 Chestnut St.
Philadelphia, PA 19106
Fax No. 215-625-0185

Stephen J. Galati

**EXHIBIT "A"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

| | |
|---|---|
| DOMINION CITRUS, LTD., *et al.* | : CIVIL ACTION |
| *Plaintiffs* | : |
| v. | : |
| M/V BADRINATH. her engines, | : |
| machinery, tackle, apparel, etc. *et al.* | : |
| *Defendants*. | : NO.  07-cv- 50 |

## PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE
## TO THE REQUEST FOR PRODUCTION OF DOCUMENTS OF DEFENDANT
## ASHWATER NAVIGATION CO. LTD.

Plaintiffs, hereby provides this supplemental response to Ashwater's Request For

Production of Documents as follows:

### General Statement

All such answers and documents are provided without in any way waiving:

a.    All questions as to competency, relevancy, materiality, privilege, and/or

admissibility of evidence for any purpose in any subsequent proceeding or in the trial of this or

any other action;

b.    The right to object to the use of any of the answers herein in any subsequent

proceedings, or in the trial of this or any other action on any ground;

c.    The right to object on any ground at any time to a demand for further response to

these requests involving or relating to the subject matter of these interrogatories;

d.    The right to further supplement and/or amend these answers based upon the

discovery of additional information or documentation; and

e.    The attorney-client and/or work product privileges, and therefore any inadvertent

production of any privileged information in answer to any request shall not constitute a waiver of

said privileges.

## General Objections

a.      Answering party objects to these requests to the extent that they seek: (a) attorney's work product; or (b) privileged information, including but not limited to information subject to the attorney-client privilege; (c) trade secrets; or (d) documents and tangible things prepared in anticipation of litigation or for trial by the answering party, its attorneys, agents, and/or representatives.

b.      Answering party objects to these requests to the extent that the information sought is not relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

c.      Answering party objects to these requests on the grounds that they are overbroad, and/or any attempt to answer would be unduly burdensome, expensive, and oppressive.

d.      Answering party objects to these requests to the extent that they do not specify a period of time for which answers are requested, and therefore they seek to encompass an unlimited time period and are unreasonably oppressive and unduly burdensome.

## Responses and Specific Objections

The following documents are provided herewith:

1.      Spreadsheet of boxes from packing houses;

2.      Carriage instructions;

3.      Attestation from EACCE for 2973 pallets of clementines shipped on Badrinath

4.      Royaume Du Maroc Ministere Charge De L'Agriculture Phytosanitary Certificate for El Boura for 45,837 boxes clementines shipped on Badrinath;

5.      Royaume Du Maroc Ministere Charge De L'Agriculture Phytosanitary Certificate for Priagrus for 92,125 boxes clementines shipped on Badrinath;

6.      Royaume Du Maroc Ministere Charge De L'Agriculture Phytosanitary Certificate

for Limouna Souss for 171,599 boxes clementines shipped on Badrinath;

7.      Royaume Du Maroc Ministere Charge De L'Agriculture Phytosanitary Certificate for Agri Souss for 284,163 boxes clementines shipped on Badrinath;

8.      Royaume Du Maroc Ministere Charge De L'Agriculture Phytosanitary Certificate for G.P.A. for 375,111 boxes clementines shipped on Badrinath;

9.      Attestation from Cooperative Agricola Sofia-Sud, (7704), with translation;

10.     Attestation from Coperative M'Brouka, (7114) with translation;

11.     Attestation from Prima Souss (7406), with translation;

12.     Attestation from Fadle Export (7802), with translation;

13.     Attestation from Station d'Emballage Kabbage Souss (7808), with translation;

14.     Attestation from Limounasouss (7814), with translation;

15.     Attestation from Priagrus (7404), with translation;

16.     Attestation from Societe Station (7710), with translation;

17.     Attestation from cooperative Agrumicole Diaf (7702), with translation;

18.     Attestation from Cooperative Agricole Zaouia (7804), with translation;

19.     Attestation from Procit s.a.(7714), with translation;

20.     Attestation from Domaine ElBoura (7904), with translation;

21.     Eurogap Certificate for M'Brouka, Feb 2006-Feb 2007;

22.     ProCert-Haacp Certificate BRC for Limounasouss, 2006-2007;

23.     ProCert-Haacp Certificate BRC for Limounasouss;

24.     ProCert-ISO Certificate for Limonasouss;

25.     EurepGap Certificate for Komaine Khrarza;

26.     EurepGap Certificate for Ste'Agricole Argana;

27.     EurepGap Certificate for Domaine Mabrouca;

28. EurepGap Certificate for Domaine Soussia;

29. EurepGap Certificate for Domaines Temsia;

30. EurepGap Certificate for Domaines Hansala;

31. SGS Certificate for Procit;

32. EurepGap Certificate for Domaines Salam & Saaada;

33. EurepGap Certificate for Domaines Salam & Saaada;

34. EurepGap Certificate for Domaine Amal;

35. EurepGap Certificate for Domaine Zbirate;

36. EurepGap Certificate for Domaine Zitouna;

37. EurepGap Certificate for Taroudant MarocDomaine Zitouna 2;

38. EurepGap Certificate for Domaine Douiouir;

39. EurepGap Certificate for Domaine ElKharb;

40. EurepGap Certificate for Domaine Zitouna 3;

41. ProCert Certificate for Cooperative Agricole Zaouia;

42. ProCert List of Certified Farmers in relation to Certificate no. 6-25-9426;

43. Integra BRC Global Standard Food Certificate for Station Kabbag Souss El

Guerdane dated 17/05/2006;

44. Integra BRC Global Standard Food Certificate for Station Kabbage Souss;

45.  Integra Domaines Abbes kabbage (GPA) appendix;

46. Integra Certificate for Domaines Abbes Kabbage (GPA);

47. Integra Certificate for Domaines Abbes Kabbage (GPA);

48. Integra EurepGap Certificate for Domaines Abbes Kabbage (GPA);

49. Integra EurepGap Certificate Appendix for Domaines Abbes Kabbage (GPA);

50. CMI Certification for Tesco Nature's Choice v.Oct 03;

51.     Tesco Certificate of Conformity for Domaines Abbes Kabbage;

52.     ECCO Ingeniersos Certificate for Ettor Mohamed Domaine Afriat;

53.     ECCO Ingeniersos Certificate for Sidid Freres Domain Afriat;

54.     ECCO Ingeniersos Certificate for Sidid Hassan Domaine Lastah;

55.     ECCO Ingenieros Certificate for Tomatik Mohamed Domaine Oulad Aissa;

56.     ProCert Certificate for Societe' Priagrus AS for Domaine Sabri Abdelaziz;

57.     ProCert Certificate for Les Domaines Agricoles Nadim;

58.     ProCert Certificate No. 7-24-9402(I) for Societe' Priagrus AS for Domaine Sabri Haj Hommad;

59.     ProCert Certificate No. 7-24-9402(VI) for Societe' Priagrus AS for Domaine Sabri Haj Hommad;

60.     ProCert Certificate No. 7-24-9402 (II) for Societe' Priagrus AS for Domaine Sabri Haj Hommad & Khalid;

61.     Moody Certification for Prima Souss;

62.     EurepGap Certificate for Prima Souss;

63.     EurepGap Certificate for Domaine Prima Souss, Rzagna version Jan04;

64.     EurepGap Certificate for Domaine Prima Souss;

65.     EurepGap Certificate for Domaine Prima Souss, Rzagna version Oct04;

66.     Eurepgap Certificate for Domaine Heritiers Gueddi HG1;

67.     EurepGap Certificates for Domaine Heritiers Gueddi HG1 (two on page);

68.     SGS Certificate for Domaines El Boura, ISO 9001;

69.     SGS Certificate for Domaines El Boura, HAACP;

70.     Integra Certificate BRC Global Standard Food for El Boura Domaine;

71.     Integra EurepGap Certificate for El Boura Domaine-Domaine El Boura I;

72.    Integra EurepGap Certificate for El Boura Domaine-Domaine El Boura II;

73.    Integra EurepGap Certificate for El Boura Domaine-Domaine Ouled Aissa;

74.    Integra EurepGap Certificate for El Boura Domaine-Domaine Menioua;

75.    EurepGap Certificate for Ste' KamaredGrape Company Domaine.

## Responses to Requests

1.    See documents 1 and 3-75, identified above and provided herewith. Plaintiffs' investigation is continuing and such additional documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

2.    No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

3.    No additional documents to be produced at this time.  Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

4.    No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

5.    See document 2, identified above and provided herewith.

6.    No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

7.    See documents 1 and 3-19, identified above and provided herewith. Plaintiffs' investigation is continuing and such additional documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

8.      No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

9.      No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

10.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

11.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

12.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

13.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

14.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

15.     No additional documents to be produced at this time. Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

16.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

17.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

18.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

19.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

20.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

21.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

22.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

23.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

24.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

25.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

26.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

27.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

28.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

29.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

30.     No additional documents to be produced at this time.   Plaintiffs' investigation is continuing and such other documents as are responsive to this request will be produced if within Plaintiff's possession and control and located.

31.     See documents 3-75, identified above and provided herewith.   See documents See Claim/Damage documentation provided herewith.   Plaintiffs' investigation is continuing and such additional documents as are responsive to this request will be produced if within Plaintiff's

possession and control and located.

32.      See documents 3-75, identified above and provided herewith.  See documents See

Claim/Damage documentation provided herewith.  Plaintiffs' investigation is continuing and

such additional documents as are responsive to this request will be produced if within Plaintiff's

possession and control and located.

33.      Plaintiffs repeat and restate their prior objections.

34.      Plaintiffs repeat and restate their prior objections.

                                        LEE C. GOLDSTEIN, ATTORNEY AT LAW

                        By:      _____

                                        Lee C. Goldstein, Esquire
                                        615 W. 18th Street
                                        Wilmington, DE 19802
                                        302-654-2690

MATTIONI, LTD.

_____

Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, 2nd Floor
Philadelphia, PA 19106
Tel: (215) 629-1600

Dated: May 16, 2008

## CERTIFICATE OF SERVICE

I  STEPHEN J. GALATI, ESQUIRE, hereby certify that a true and correct copy of

Plaintiffs' Supplemental Response to Ashwater's Request for Production of Documents were

sent via  first class mail, on May 16, 2008 to the following:

Frank P. DeGiulio, Esquire
Palmer, Biezup & Henderson
956 Public Ledger Bldg. 620 Chestnut St.
Philadelphia, PA 19106
Fax No. 215-625-0185

Stephen J. Galati

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

DOMINION CITRUS, LTD., *et al.*        : CIVIL ACTION
      *Plaintiffs*                     :
           v.                    :
M/V BADRINATH. her engines,        :
machinery, tackle, apparel, etc. *et al.*    :
      *Defendants.*             : NO.  07-cv- 50  JJF

### ORDER

AND NOW, this _____ day of _____, 2008, upon consideration of

Defendant Ashwater Navigation Co. Ltd. to compel the plaintiffs to provide Response to

Ashwater's Request for Production of Documents, and Plaintiffs' Response thereto, it is hereby

ORDERED, that the Defendant's Motion is GRANTED in part and DENIED in part.

The Plaintiffs shall produce such documents as are responsive to Ashwater's Document Requests

1 through 32, as are within their possession and control, and which have not already been

produced, within Ninety (90) days of the date of this Order or they may be subject to sanctions

upon further application to and order of this Court.

BY THE COURT

_____

J.

